LEFEBVRE *vs.* COMEAU ET AL.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, FOR THE PARISH OF LAFAYETTE, THE JUDGE OF THE SIXTH DISTRICT PRESIDING.

The sale of a tract of land by the register and receiver, under the act of 1814, granting pre-emption rights to actual settlers, even without a patent, is evidence of title *out of the government,* and the purchaser will hold against one who buys subsequently.

This is an action to prevent encroachment and disturbance, and to be quieted in the possession and ownership of a tract of land, situated in the parish of Lafayette, at a place called *Côte Gelêe.*

The plaintiff alleges, that he purchased a tract of land, containing six hundred and eighteen acres, from the government of the United States, by right of settlement, as far back as 1818 ; that he had it located and surveyed, and on the 15th June, 1829, obtained the final certificate from the register. He further shows, that the defendants have entered upon, and set up claim to about two hundred and ten acres of his said tract, without any title or right to the same, and that they are trespassers. He prays that said defendants be enjoined and inhibited from further disturbing him in the quiet possession and enjoyment of his entire tract.

The defendant avers, that he is the proprietor of four hundred and eighty-five acres of land, in virtue of a settlement made prior to 1803, and that said settlement and cultivation gave him an equitable right to have his imperfect title confirmed, and which was confirmed by an act of Congress, passed the 29th April, 1816 ; that he has been in the possession of said land ever since the original settlement, and claims to hold by the prescription of twenty or thirty years in addition to his good title.

Upon these pleadings and issues the case was tried.

The plaintiff produced in evidence the register's certificate, dated the 21st November, 1818, that he had paid the price

of two dollars per acre to the government, for the land claimed by him ; and also a plat of survey, approved by the United States Surveyor General.

The defendant claimed under a commissioner's certificate, recommending the confirmation of his tract of land, which was confirmed by act of Congress, on the 29th April, 1816. It was not located and surveyed until 1829.

The testimony showed, that Comeau obtained permission from plaintiff to enclose a field on this land, in 1829, which he cultivated for that year only.

The plat of survey showed, that the defendants had interfered and entered upon two hundred and ten acres of the plaintiff's land, as located and claimed by him under his purchase from the United States government.

There was judgment for the defendant, and the plaintiff appealed.

*Simon,* for the plaintiff, showed, that in 1818, he purchased the land he claims, from the government of the United States, and had it located in 1819. This location being approved by the surveyor general, and made anterior to that of the defendant, it should be maintained.

2. The defendant's location is too vague to be admitted. From the evidence it will be seen, that that portion occupied and cultivated, and on which he founds his claim, is entirely out of the four quarters of sections purchased by the plaintiff; and that it was not until lately he was permitted to cultivate a field on plaintiff's land. The principle settled in the case of *Rachel et al.* vs. *Irwin,* is applicable to this. *See* 8 *Martin's Reports, N. S.* 332.

3. The United States sold the land in question to the plaintiff, and received the price. It could not sell the same land afterwards to the defendant, who had no previous claim to it, either by settlement, location, survey or otherwise.

*Bullard, J.,* delivered the opinion of the court.

This is a petitory action, in which the plaintiff sets up title to a tract of land, in the parish of Lafayette, described to be

the north-east and north-west quarters of section thirty-four, and the south-east and south-west quarters of section twenty-seven, in township 10 south, range 5 east. He asserts title to the same, under a purchase from the United States, in pursuance of the act of Congress of 1814, granting pre-emption rights to actual settlers.

The defendant denies the right of the plaintiff, and sets up a right to four hundred and eighty-five acres, and sixty-six hundredths of the same land, in virtue of his settlement and cultivation, prior to the year 1803, and a confirmation of his claim by act of Congress in 1816. He also pleads prescription.

The documentary evidence in the cause, shows, that on the 20th November, 1818, the plaintiff purchased the land described in his petition, of the proper land agents of the United States at Opelousas, in virtue of his right of preemption ; and that in pursuance of the acts of Congress, then in force, he paid at the time of his purchase, a part of the price, and the balance was paid, and a final patent certificate granted on the 15th of June, 1829.

This court has uniformly held, that such a sale even without a patent, is evidence of title out of the government. The government is completely divested by such a sale, made in pursuance of an act of Congress, conferring authority on the register and receiver. The land was specifically described by the numbers of range, township and section, according to the general system of the public surveys. Unless, therefore, it should appear that the defendants, or those under whom they hold, were at the date of the plaintiff's purchase, owners of the land by an anterior title, or that they have acquired a better right by prescription, it seems to us clear that the plaintiff must recover.

*The sale of a tract of land by the register and receiver, under the act of 1814, granting pre-emption rights to actual settlers, even without a patent, is evidence of title, out of the government, and the purchaser will hold against one who buys subsequently.*

The claim of J. B. Comeau, before the land commissioners, (and which forms the basis of his title) is described to be for four hundred and eighty-five acres and sixty hundredths, in the priarie of Côte Gelée, by settlement. The evidence in support of it appearing contradictory, it was merely recommended for confirmation. By an act of Congress in

WESTERN DIST.
*Sept.* 1837.

1816, the report was adopted and the claim confirmed. It was not until 1830, that the claim was surveyed and located under the authority of the United States, in such a manner as to conflict with the claims of the plaintiff, and to cover part of the land previously purchased by him.

This claim is extremely vague as to its calls ; nor is there any evidence in the record which satisfies us that any part of the settlement made by Comeau, before the change of government, was upon either of the quarter sections which the plaintiff had a right to purchase, and which he did purchase in 1818. That the defendant was entitled to the quantity of land claimed by and confirmed to him, we do not doubt, but it does not follow that the surveying department could locate it in such a manner as to deprive the plaintiff of any part of his purchase. By its terms the defendant's title does not necessarily embrace any part of the plaintiff's land, and we are not prepared to admit the authority of the government itself, to take what they had already sold.

The evidence of possession, is, in our opinion, insufficient to establish prescription.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed and annulled, and it is further adjudged and decreed, that the plaintiff do recover and be quieted in his title to the tract of land described in his petition, and that the defendants pay the costs of both courts.