BENJAMIN METOYER *v.* MAXIMILIEN LARENANDIÈRE.

The survey of a claim to a portion of the public lands, and its approval by the Surveyor General, are not conclusive upon the government of the United States. Until a patent is issued the title is still in the government, unless it be where the claim has precise and specific boundaries, and has been confirmed by an act of Congress, which, in such a case, is equivalent to a patent.

It is within the discretion of the court, after the trial has commenced, to continue the case for the admission of further evidence.

The evidence of a single witness is sufficient to prove permission to a third person to settle upon land belonging to a party.

No one can be permitted to change the character of his own possession ; nor can a tenant acquire a title adverse to his landlord's, and continue to possess for himself.

Parol evidence is inadmissible to prove that plaintiff was the owner of the land in dispute, and leased it to the defendant, and that the latter committed a fraud in converting it to his possession. It would tend to make out a title to real estate by parol.

APPEAL from the District Court of Natchitoches, *King*, J.

*Dunbar*, *Hyams* and *Elgee*, for the appellant.

*Brent* and *O. N. Ogden*, for the defendant.

BULLARD, J. The plaintiff asserts title to a tract of land, situated on the left bank of that branch of Red River, now called Old River, and formerly Rivière de Mad^me Gaspard, containing six hundred and forty acres, which was confirmed to one John Lassave, and which now belongs to the plaintiff, by a regular chain of conveyances. He alleges, that one Maximilien Larenandière, has taken possession of the same ; and that Larenandière, knowing the rights of the petitioner, still retains possession, sets up title, and refuses to deliver it up to the petitioner.

The defendant answered by a general denial. There was a verdict and judgment for him, and the plaintiff has appealed.

The plaintiff gave in evidence, as proof of title, a copy of the notice of Lassave, before the Register and Receiver of his claim, in which he claims six hundred and forty acres of land, which he describes as situated on the left bank of that branch of Red River called Madame Gaspard's, founded on a residence of sixteen years. In another extract from the proceedings before the Land Com-

missioners, it is described as a claim for six hundred and forty acres of land, on the left bank of the bayou Courant. This claim is certified to have been confirmed by act of Congress in 1825 ; and it is under this confirmation, that the plaintiff, by an amended petition, claims to hold. In the sale from Lassave to Dubois, the plaintiff's immediate vendor, the land is described as situated on the *left bank* of the river, called *Rivière de Madame Gaspard, au bayou Courant.*

A location of the claim is shown, approved by the Surveyor General, on the left bank of Old River, or the Rivière de Madame Gaspard, and a mile or two distant from its junction with the bayou Courant, which empties itself from the opposite side of the river.

Thus it appears, that the calls of the plaintiff's title are vague, if not contradictory.

On the other hand, the defendant exhibits, as evidence of his title, a patent from the United States dated in 1839, for one hundred and twenty-three acres and a fraction, which it is shown are embraced within the limits of the plaintiff's claim, as located by the surveying department, and cover the improvement made by the defendant himself.

There is no evidence that Lassave made any improvement, or that he ever lived upon any part of the land as located. On the contrary, the existence of such a man is denied ; and there is no evidence of any settlement made by him, or even of his existence, except the *ex parte* testimony of one person, taken before the Land Commissioners.

Under these circumstances we are of opinion, that the title of the patentee must prevail. The survey of the claim and its approval by the Surveyor General, were not conclusive upon the government. Until a patent issue, the title is still in the government, unless it be when the claim has precise and specific boundaries, and has been confirmed by an act of Congress, which in such a case may be equivalent to a patent. Nothing prevented the government from selling to the defendant part of the land, not necessarily embraced within the plaintiff's claim. We cannot distinguish the case from that of *Lefevre* v. *Comeau,* 11 La. 321, The same doctrine was recognized by us in the case of *Slack* v.

*Orillion,* 13 La. 56, and in *Lott et al.* v. *Prudhomme et al.,* 3 Robinson, 293.

The plaintiff and appellant relies for a reversal of the judgment and a new trial, upon a bill of exceptions, from which it appears, that during the trial, and before the evidence was closed, the plaintiff's counsel presented two affidavits, the substance of which was, that one Breville, as the plaintiff had learned that morning, was a material witness for him ; that he was present when the plaintiff gave permission to the defendant Larenandière to remain upon the land in controversy ; and that the plaintiff expected to obtain the attendance of the witness in three or four hours ; whereupon he moved the court to admit the witness to be sworn, although the argument may have been begun on the arrival of the witness ; that the court said it would be time to decide on that question when the witness should have arrived ; that the cause was then opened by the plaintiff's counsel, and the court adjourned for dinner until 3 o'clock, and when the court met in the afternoon the witness appeared and was offered ; and that the court refused to permit him to be sworn. The reason given by the Judge was, that the same fact which he was offered to prove was already established by the testimony of Augustin Metoyer. The court did not err. It was within the discretion of the court at that stage of the trial, to admit or reject other evidence. The reason given was, in our opinion, sufficient. Augustin Metoyer had already testified, that the plaintiff had permitted Larenandière to settle upon his land. Such a fact was sufficiently established by a single witness. But, in our opinion, the evidence is entitled to very little weight in a case like the present. It is true, no man can be permitted to change the character of his own possession ; and a tenant cannot acquire a title adverse to his landlord, and continue to possess for himself. This doctrine is admitted. But Larenandière settled on the land, long before any location of the land had been made by the surveying department, and when the plaintiff, according to the written evidence, had no title to the spot where he had made his improvement. Parol evidence in such a case, if admissible, would destroy a written title of the highest dignity. The principle contended for applies when, the lessor's title is known and acknowledged, and there is a lease. The pos-

session of the lessee, is then that of the lessor.   But it is not shown, that the plaintiff was the owner of the land afterwards purchased by the defendant of the government.   The original calls of Lassave's claim did not embrace it, and the location by the surveying department had not then been made.   Such evidence would tend to make out title by parol ; and it is entitled to no weight in this cause, unless it shows, that Metoyer was the owner, and that he leased the land to Larenaudière, and that the latter committed a fraud in converting the posssession, which he held for the owner, into the means of acquiring one for himself. The evidence did not satisfy the jury that such was the case, and it has failed to satisfy us.   We concur with the jury and the court below, that the defendant has shown the best title to the land covered by his patent.

*Judgment affirmed.*