Plaintiff brought suit against George H. Berlin and other named defendants, alleging that his title to a 50-acre tract of land, particularly described in his petition, located in Avoyelles Parish, Louisiana, had been slandered by defendant, Berlin, who claimed to be the owner of said property by virtue of purchase from the other defendants, as set forth in an act of sale dated June 11, 1943.
Plaintiff filed suit on October 21, 1943. Defendants filed an exception of no cause right of action, which was referred to the merits, and answer was then filed specifically denying the allegations of plaintiff's petition, particularly plaintiff's allegation of title to the property in question, and setting up title in the defendant, Berlin. After trial, defendants' exception was overruled and there was judgment for plaintiff, from which judgment the defendant, George H. Berlin, has appealed to this Court.
The exception of no right or cause of action is directed at certain allegations of plaintiff's petition, set forth in Articles I and II thereof, which we quote as follows:
"I. That he is the true and lawful owner and is in the actual physical possession of the following described property, to-wit: * * *."
"II. That the said property was acquired by your petitioner from the State of Louisiana by virtue of a Certificate of Entry issued to your petitioner, said Certificate being dated April 21, 1943, and numbered 719 and recorded in Al. Book A-107, Fo. 114 of the records of Avoyelles Parish, Louisiana, a certified copy of which is attached hereto and forms a part of this petition."
Plaintiff charged the defendant, George H. Berlin, with certain specific acts of slander in that the said defendant claimed to be the owner of the property; caused to be placed of record a pretended deed of conveyance of said property from the other defendants to the said defendant, Berlin, dated July 26, 1943; and by other acts.
The facts as disclosed by the record show that on February 26, 1943, plaintiff, Shelby Shannon, made application through the Registrar of the State Land Office for a homestead entry on the tract of land in question, which property had been adjudicated to the State of Louisiana on May 8, 1924, for the non-payment of taxes for the year 1923. Following publication of the application, as required by law, a certificate of entry and a receipt, both dated April 21, 1943, were issued to Shannon. After issuance of the certificate, the plaintiff, Shannon, proceeded to enter upon and take possession of the property, cutting timber from the tract, manufacturing a part thereof into lumber, beginning the construction of a building intended to be finished as a home, and cultivating part of the land. It is established that plaintiff did everything necessary to comply with the requirements of the homestead laws of the State. While it is true that he did not live continuously and uninterruptedly on the property, it is also true that he lived *Page 867 
thereon the greater part of the time following receipt of the certificate, sleeping in the house which he had built, cooking his meals, keeping his work horses on the premises, and gradually clearing the land and cutting timber thereon.
By letter of date June 28, 1943, plaintiff was notified by the Registrar of the State Land Office that his homestead entry had been cancelled, but, by letter of July 31, 1943, the State Land Office advised plaintiff's attorney that the entry had been reinstated.
The acts of slander of title of which plaintiff complains consisted of the execution and recordation of instruments affecting the property involved, particularly the following:
(1) Act of sale dated June 11, 1943, from Georgette Mayer Spotorno, Reyam Mayer and George L. Mayer to Wallace C. Porter and E.H. Schwartzenburg.
(2) Act of sale dated June 21, 1943, from Reyam Mayer, George L. Mayer and Georgette Mayer Spotorno to George H. Berlin.
(3) Act of sale dated July 26, 1943, from Reyam Mayer, Geo. L. Mayer, Georgette Mayer Spotorno, E.H. Schwartzenburg and Wallace C. Porter to George H. Berlin.
(4) Certificate of redemption dated August 5, 1943, issued by Lucille May Grace, Register, State Land Office.
(5) Cancellation of tax adjudication dated June 24, 1943, issued by Lucille May Grace, Register, State Land Office.
(6) Letter of date June 28, 1943, from Lucille May Grace, Register, State Land Office, to Shelby Shannon, cancelling homestead entry.
The judgment of the district Court ordered the cancellation and erasure from the records of Avoyelles Parish of the pretended title of the defendants to the property described, and specifically the above described instruments.
Defendants' exception of no cause or right of action is based upon the contention that plaintiff had no title to the property, and, consequently, was without right to maintain an action for the slander of a non-existent title. Defendants argue that the plaintiff's certificate of entry was not a patent or title to the land, but was merely evidence of plaintiff's compliance with the preliminary phase of the long and strict requirements relative to the homesteading of property. In brief, it is defendants' claim that plaintiff could obtain title to the property only after the lapse of the five-year period following entry upon showing compliance with all homestead requirements, and that only then, upon the actual issuance of patent, would plaintiff acquire such title as would enable him to maintain an action in slander of title.
In support of this point, defendants' counsel relies upon the case of Wadkins v. Producers' Oil Co., 130 La. 308, 57 So. 937, 939, and particularly the following quoted extracts from the opinion in said case:
"During the five years of possession and cultivation, the entryman has the right to perform such acts and of taking such steps as are necessary to the improvement of the property. He can protect it from waste and trespass as if it were his own; but it does not follow that on that account the land is transferred before the expiration of the time before mentioned, or before compliance with the provisions of the law.
"In order to emphasize its right, as it were, the government provides that if the settler abandons the property over six months he loses all right under the homestead law. Had he acquired any interest, the six months would not be as fatal to his entry under the homestead law as it is.
"He possesses the right of possession to the exclusion of all others; but this does not constitute title to the land. He is the 'remainderman.' Shiver v. United States, 159 U.S. [491], 499, 16 S.Ct. 54, 40 L.Ed. 231. That is, his interest vests when earned.
"The court, in the just-cited decision, informs us that the courts of original jurisdiction uniformly hold in regard to the date that the entryman acquires title, that it applies to all homestead entries, and cites a number of decisions in support of this view, and the court adds the general concensus of opinion is entitled to great weight as authority.
"The uniform jurisprudence of this state is in accord with these decisions. In Foley v. Harrison, 5 La. Ann. 75, in strong, clear, and positive terms, the court held that until the patent issues the fee is in the general government. The judgment in this case was affirmed by the Supreme Court of the United States, Foley v. Harrison, 15 How. 433, 14 L.Ed. 761."
[1] There can be no question as to the correctness of the principle enunciated in *Page 868 
the Wadkins case as above quoted. Title does not vest in an entryman until the issuance of a patent. However, this does not preclude an entryman from the exercise of his right in protecting his inchoate title against acts of slander by others.
We think the proposition of law involved in this case has been definitely and conclusively settled by the jurisprudence of this State.
In Broussard v. Broussard, 43 La. Ann. 921, 9 So. 910, 911, the Court said:
"But whatever superior effect the issuance of the patent may have, as between the certificate holder and the United States, it is plain that, as between the holder and third persons, the certificate conferred all the rights on the former which the patent could have done. We have heretofore had occasion to announce this principle very emphatically, as follows: 'From repeated adjudications of our courts on the subject, we gather the settled doctrine to be this: that while a receiver's receipt or certificate is not of equal dignity with a patent, as showing the complete and absolute divestiture of the title of the government, yet that land so held, under the former, enters fully into the domain of private property; that such certificate of entry is sufficient evidence of title to support action; that the land is subject to taxation, unless reserved therefrom by special congressional legislation; that it is the subject of any kind of contract under the operation of our laws touching the rights of each and every class of persons in their various and manifold relations.' Herriot v. Broussard, 4 Mart., N.S., 260; Newport v. Cooper, 10 La. [155], 159; Lefebvre v. Comeau, 11 La. 321; Guidry v. Woods, 19 La. 334 [36 Am.Dec. 677]; McGill v. McGill, 4 La. Ann. 262; Robertson v. Wood, 5 La. Ann. 197; Pepper v. Dunlap, 9 La. Ann. 137; Bagnell v. Broderick, 13 Pet. 436 [10 L.Ed. 235]; Carroll v. Safford, 3 How. [441], 461 [11 L.Ed. 671]; Simien v. Perrodin, 35 La. Ann. 931."
In La Terre Co., Inc., v. Billiot's Shell Island, Inc.,103 F.2d 53, the opinion of the United States Circuit Court of Appeal for the Fifth Circuit declared that an entryman is vested with an equitable title.
[2] Upon the basis of the authorities cited, we think there remains no question as to the right of one holding under a certificate of entry to maintain an action of slander of title. Notwithstanding the fact that, as between himself and the sovereign power, such a person holds only an inchoate or equitable title, his rights thereunder entitle him to any character of action against third parties as fully as if final and complete severance of title had been made through issuance of a patent.
[3] On the merits, the district Judge found as a fact, in which finding we concur, that the defendants' actions clearly constituted a slander of plaintiff's title and his rights thereunder.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.
KENNON, J., takes no part.