Statement of the Case.
NICHOLLS, J.
On January 11, 1909, the following petition was filed in the district court for the parish of Winn: Hall & Legan Lumber Co. Ltd., organized under the laws of Louisiana, and domiciled and doing business in the parish of Winn, of which corporation C. M. Hampton is president, and the Arkansas Lumber Company, a corporation organized under the laws of Arkansas with its Louisiana domicile at Jonesboro, Jackson parish, La., of which corporation C. E. Neeley is president, respectfully represented that petitioner Hall & Legan Lumber Company is the bona fide lawful owner of a tract of land situated in the said parish of Winn, described as S. E. % of S. W. % and S. W. % of S. E. Yk of section 24, township 12 N., range 3 W., containing 79.52 acres, well worth the sum of $1,500, and that petitioner acquired said land as follows, to wit:
That on the 11th of September, 1899, Mrs. Nancy C. Buchan, a widow, made final proof of her homestead entry on S. W. Yk of S. W. %, of section 24 and N. W. % of N. W. '% of section 25, township 12 N., range 3 W., and received a final receiver’s certificate thereof, which was duly recorded in the conveyance record of said parish, and for which original homestead Mrs. Nancy C. Buchan received a patent from the United States government on June 28,1900. That this original entry covered only 80 acres, and, exercising her legal right, she made an additional entry. Mrs. Buchan applied by application No. 21,163 for the said land, to vrit, S. E. % of S. W. Yk and S. W. Yk of S. E. Yk of section 24 in same township and range, and on February 3, 1900, Charles P. Johnston, receiver of United States Land Office in the district in which said land is situated, issued for said land receiver’s final receipt No. 9,025 in favor of Nancy C. Buchan, which is hereto attached and made part here, and which was also recorded in the conveyance records of your said parish.
That on October 19, 1900, Mrs. Nancy C. Buchan sold said land to petitioner the South Arkansas Lumber Company, on the faith of said final receipt of February, 1900, and the patent to the original entry which validated and completed the original entry. That subsequently in May, 1903, more than 10 years after the issuance of said final receipt, petitioner Hall & Legan Lumber Com *232 pany purchased said land from South Arkansas Lumber Company for a valuable consideration and continued to possess and pay taxes on same in quiet and good faith until 1906. More than five years afteir the issuance of the final receipt, the Land Department of the United States government, of its own motion, without contest or protest on part of any individual, and without notice to either of petitioners, ordered the additional homestead entry of Nancy C. Buchan canceled and permitted said land to be homesteaded by Madison B. Jeter, a resident of said parish and state. That said Madison B. Jeter, with full knowledge of petitioner’s 'title to said land, has fraudulently attempted to homestead same. That he made a fraudulent and fictitious sale on credit to his unmarried son, who lives with him on part of the property owned by him, in order to enable him to enter an adjoining farm, to which he was not entitled under the law. That said Jeter has entered on said land, and is now residing on same, and claims and asserts title to same under nis said homestead entry.
That the pretended cancellation of the additional homestead entry of Nancy C. Buchan by the Land Department was an absolute nullity. That said department has no jurisdiction or authority to cancel said final receipt, without a regular suit and an application of some bona fide party in interest. That by express provisions of law, after the lapse of two years from the date of the issuance of final receipt No. 9,025, the title of the entryman becomes indefeasible, and Mrs. Nancy 0. Buchan was entitled to a patent, and the attempted cancellation of said entry is null and void. That the original entry did not fail, but was matured into a patent. That the right to an additional entry was a personal right and was duly and seasonably exercised in good faith by Mrs. Nancy 0. Buchan. That petitioners in good faith purchased the land covered by final receipt issued by the government, and that Hall & Legan Lumber Company has a just, equitable, and legal title to said land, as was well known to said Madison B. Jeter. That petitioner is an innocent purchaser of said land, on faith of the government’s own final receipt, which became unassailable after the lapse of two years from its issuance. That petitioner the South Arkansas Lumber Company is interested in having its vendee’s title maintained.
In view of the premises, petitioners pray that Madison B. Jeter be cited to appear and answer hereto; that on final trial petitioners Hall & Legan Lumber Company be decreed to be the owner of the ®. E. % of S. W. % and S. W. % of S. E. 14 of section 24, township 12 N., range. 3 W., and the appurtenances thereto, ordering tnat same be delivered to petitioners and said defendant be perpetually elnjoined from claiming, entering, or interfering with the said land. And for all necessary orders and decrees, costs, and general relief.
Madison B. Jeter filed the following exception:
Now into court comes Madison B. Jeter, made defendant in the entitled and numbered cause, appearing herein solely for the purpose of excepting to plaintiff’s suit, and excepts to plaintiff’s on the following grounds;
(1) That this court is without jurisdiction to try said cause.
(2) That plaintiff’s petition does not allege a cause of action against defendant.
(3) That plaintiff’s petition does not allege any right of action in plaintiff against your defendant.
(4) That plaintiff’s action is premature.
(5) For the reason that the issues involved in plaintiff’s suit have already been litigated, adjudicated, and settled by the Land Office Department of the United States in a suit filed by plaintiff against defendant on *234 July 19, 1909, asking for the cancellation of your defendant’s homestead certificate and for the reinstatement of final receipt being the same under which plaintiff holds. In view of the premises, defendant prayed that plaintiff’s suit be dismissed, with costs.
Later on, under benefit of his exceptions, Jeter answered pleading first a general denial. 1-Ie admitted that he was living on the land sued for by plaintiff under a homestead certificate by the United States government. He showed that his homestead certificate is numbered 28,164, that the same was in force, and that he was living upon the land, undertaking to perfect his homestead rights, and had such rights to it as are granted by homestead certificate! from the United States government.
He denied that plaintiff had any interest whatever in said land, denied that plaintiff was an innocent purchaser for valuei, but showed to the court that plaintiff bought it with its eyes open, so to speak, and that the title showed on its face such defects that it only bought under a quitclaim title excluding even a return of the purchase price. That the proceedings in the Land Office Department canceling final certificate No. 9,025 of Nancy O. Buchan were regular in form and were warranted by both law and practice. That the Land Office settled every question of fact involved in the proceedings to cancel said final certificate No. 9,025, and that the decisions of the Land Office Department on questions of fact are res judicata, which defendant specially pleaded to every question of fact raised by plaintiff’s petition which was settled by the Land Office Department.
And defendant prayed that plaintiff’s suit he dismissed, with costs.
The case was submitted on the following statement of facts, viz.: It is agreed and admitted that Nancy C. Buchan homesteaded the S. W. % of S. W. Vi of -section 25, and S. W. Vi of S. W. Vi, section 24, township 12 N., range 3 W., La. Mer., in parish of Winn, state of Louisiana, containing 79.56 acres; and that patent issueid therefor on the 28th day of June, 1900, which is hereto annexed. That said Nancy C. Buchan applied for an additional entry to said homestead and obtained final receivers receipt No. 9,025 for the S. E. Vi of S. W. Vi and S. W. Vi of S. E. Vi, section 24, township 12 N., range 3 W., containing 79.92 acres as per receipt dated February 3, 1900, which is hereto annexed. That said Nancy C. Buchan by private deed dated October 19, 1900, sold said iS. E. Vi of S. W. Vi and S. W. Vi of S. E. Vi of section 24, township 12 N., range 3 W., La. Mer., to the South Arkansas Lumber Co.
That South Arkansas Lumber Company sold said S. E. Vi of S. W. Vi and S. W. % of S. E. Vi, section 24, township 12, N., range 3 W., La. Mer.,' to Hall & Legan Lumber Company by deed dated May 16, 1903, as per deed annexed and made part hereof.
That Hall & Legan Lumber Company have paid taxes on said S. E. Vi of S. W. Vi and S. W. Vi of S. E. Vi, section 24, township 12 N., range 3 W., ever since its purchase of same, had same surveyed, and performed other acts of ownership when it was notified by Madison B. Jeter that he had homesteaded the same, or had applied to homestead the same, and this was the first information that Hall & Legan Lumber Company had that the Land Department of the United States government had canceled the entry of Mrs. Nancy C- Buchan evidenced by said final receiver’s receipt. This was in 1907. Prior to that time Hall & Legan Lumber Company had no notice of any proceeding contesting or attacking the validity of said entry. That on January 10, 1901, the Commissioner of the United States Land Office addressed a communication to the register and receiver at New Orleans, La., directing them to give notice to Mrs. Nancy C. Bu *236 clian, requiring an additional affidavit as per copy of said notice hereto annexed. That said notice was addressed to Mrs. Nancy O. Buchan by registered letter, hut never received by her. That on November 24, 1906, the Commissioner of the General Land Office addressed another communication to the register and receiver at New Orleans, La., canceling the additional homestead entry of said Nancy C. Buchan, on the ground that it was not made according to law, as per said notice hereto annexed.
That Hall & Legan Lumber Company made application to set aside said cancellation and to reinstate said additional homestead entry of Nancy C. Buchan, which application was rejected by the Commissioner of the United States Land Office as per decision of said Commissioner hereto annexed. That Hall & Legan Lumber Company appealed from the decision of the Commissioner of the General Land Office to Secretary of the Interior as per petition of appeal hereto annexed. That the Secretary of Interior affirmed the decision of the Commissioner of the United States Land Office for the reasons set forth in the opinion on first hearing and opinion on motion for review or rehearing of said appeal made by counsel of Hall & Legan Lumber Company, 'both of which opinions are hereto annexed and made a part hereof. That Madison B. Jeter is now in possession of land in .controversy and claims the same under, duplicate receiver’s receipt February 4, .1908. It is admitted that the land is worth $500. That Nancy C. Buchan sold N. W. % of N. W. %, section 25 and S. W. % of S. W. %, section 24, township 12 N., range 3 W-, La. Mer., to J. D. Wright, February 17, 1900. That neither Hall & Legan Lumber Company nor South Arkansas Lumber Company gave notice of their purchase of this land to the Land Office Department except by recording their deeds in Winn parish.
The district court rendered judgment maintaining the plea of jurisdiction of the court and dismissing plaintiffs’ action as in case of nonsuit. Plaintiffs appealed from said judgment to the Court of Appeal. That court (Porter, Judge) rendered judgment affirming decision of the lower court and assigned the following reasons:
“On the 20th day of June. 1900, Mrs. Nancy C. Buchan, a widow, obtained a patent from the United States for the S. W. % of 'S. W. % of section 24 and the N. W. ty, of N. W. % of section 25, township 12 N., range 3 W.. containing 79.56 acres, which she previously homesteaded. Prior to the issuance of the above patent, and after the issuance to her of a final receiver’s certificate of entry of the above-described tract, she applied for an additional entry of the S. E. % of the S. W. % and S. W. 14 of S. E. % of section 24 in the same township and range, and on February 23, 1900, she received a final receipt of entry for the last-described tract, which contained 79.52 acres.
“On October 19, 1900, she sold by private deed all of the above land to the South Arkansas Lumber Company, and on May 6, 1903, this company sold the land to the present plaintiff, the Hall & Legan Lumber Company. On January 10, 1901, the Commissioner of the General Land Office directed the register and receiver at New Orleans to notify Mrs. Buchan that she was required to make an additional affidavit as to her right to the additional entry above mentioned. This notice was sent by registered letter to Mrs. Buchan, but was not received by her. In 1905 the Commissioner of the General Land Office, by a communication addressed to the Land Office at New Orleans, canceled the additional entry of Mrs. Buchan. In 1908 Madison B. Jeter, the defendant, made application to homestead the land which was embraced in Mrs. Buchan’s additional entry, and is now in possession of the same under receiver’s receipt dated February 4, 1908. .In 1907 the plaintiff company applied to the Commissioner of the General Land Office to reinstate the additional entry by Mrs. Buchan, and that official in a letter to the register and receiver at New Orleans, of date December 5, 1907, refused the application, and on appeal to the Secretary of the Interior the decision of the Commissioner was sustained. And then the plaintiff company instituted the suit in the district court in the parish of Winn where the land is situated, and after setting forth its title through the- South Arkansas Lumber Company from Mrs. Buchan, which it acquired as to the last-described tract on the faith of the receiver’s final receipt of February 3, 1900, the cancellation of which it is alleged was, for reasons which we do not deem it necessary to mention here, illegal, null, and void, it prayed to be decreed the owners of the land in question, and that it be delivered to petitioners and said defendant be perpetually en *238 joined from claiming, entering, or interfering with said land. The defendant excepted on the following grounds: (1) That this court is without jurisdiction to try said cause. (2) That plaintiff’s petition does not allege a cause of action against your defendant. (3) That plaintiff’s petition does not allege any right of action in plaintiff against your defendant. (4) That plaintiff’s action is premature. (5) For the reason that the issues involved in plaintiff’s suit have already been litigated, adjudicated, and settled by the Land Office Department of the United States in a suit filed by plaintiff against your defendant on July 19, 1907, asking for the cancellation of your defendant’s homestead certificate and for reinstatement of final receipt, being the same under which plaintiff holds. This exception was at first overruled by the lower court, and the case went to trial on a statement of facts agreed to by counsel for both parties.
“After the case was submitted, his honor, the district judge, reversed his former ruling on the exception and sustained it, and the plaintiff has appealed.
“The first question to be considered, and the vital question, is whether this court, or any state court, has the power to determine which of the two litigants owns the land. The plaintiff does not claim to be in possession of it, but it claims its title pure and simple. It bases its title upon a final receipt which was issued by the government and subsequently canceled by it. The defendant, on the other hand, claims title by virtue of a homestead entry which is now in course of being perfected. It cannot be denied that the legal title to the land in dispute is still in the United States. The Land Department, the only agency except Congress through which the title to the land can pass to other parties, is still exercising its power in the matter of transferring the title. The effect of the present demand is to ask this court to interfere in a pending proceeding between the government and an entryman — to decide that certain proceedings in the Land Department relative to land are null and void — to set aside the order of the department permitting the defendant to enter the land, and to decree that the plaintiff is the true and legal owner and as such entitled to dispossess the defendant, who is in possession under the homestead entry. We are clear that no state court has any such power. The decisions referred to by the plaintiff’s able counsel, which discuss the scope and effect of a receiver’s final certificate, relate to cases where it appears clear that the United States, through its Land Department, has ceased to assert any claim to the land or any power in the premises, and hence they have no application to a case like the present, where the department has not only (not) issued a patent, but where it is asserting its power over the land.
“The opinion in Marquez v. Frisbie, 101 U. S. 475, 25 L. Ed. 800, and authorities cited, which is published in full in defendant’s brief, is, we think, conclusive of the issues here presented. It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, affirmed, at the cost of the defendant.”
On application for certiorari or writ of review, this case has been brought up to this court for final judgment.
Opinion.
LAND, J.
The title still being in the United States, plaintiff’s action is premature.
“After the United States has parted with its title, and the individual has become vested with it, the equities subject to which he holds it may be enforced, but not before.” Marquez v. Frisbie, 101 U. S. 475, 25 L. Ed. 800.
See, also, Rector v. Gibbon, 111 U. S. 291, 4 Sup. Ct. 605, 28 L. Ed. 427.
Judgment affirmed.