## MOSES v. LONG-BELL LUMBER CO.

### (Circuit Court of Appeals, Fifth Circuit.  June 2, 1913.)

### No. 2,328.

1. PUBLIC LANDS (§ 109*)—CONTROVERSY BETWEEN ENTRYMEN—JURISDICTION OF COURTS.

A final receipt issued to a homestead entryman does not divest the title of the United States, but confers only an equity; and until the issuance of a patent jurisdiction to cancel the entry and certificate for proper cause, and to permit another entry, remains in the land department, and so long as its action is not illegal or arbitrary a court is without jurisdiction to interfere to decide which of the two entries is valid.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 307; Dec. Dig. § 109.*

Cancellation of entries, certificates, receipts, warrants, or transfers prior to issuance of patents to public lands, see note to Northern Pac. Ry. Co. v. United States, 101 C. C. A. 120.]

2. PUBLIC LANDS (§ 138*) — SALE OF TIMBER BY HOMESTEAD ENTRYMAN — RIGHTS OF PURCHASER ON CANCELLATION OF ENTRY.

A purchaser of standing timber from a homestead entryman holding only a final receipt is chargeable with notice that the legal title is in the government, and that the certificate is subject to cancellation by the land department for cause, and, where it is so canceled, cannot claim, as a bona fide purchaser, better title than his vendor had.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 368; Dec. Dig. § 138.*

Bona fide purchasers, see notes to United States v. Detroit Timber & Lumber Co., 67 C. C. A. 13; McClure v. United States, 111 C. C. A. 4.]

3. PUBLIC LANDS (§ 110*)—CANCELLATION OF HOMESTEAD ENTRY—STATUTORY LIMITATION.

The directing of an investigation by a special agent of the land department within two years from the time final proof was submitted and final receipt issued on a homestead entry is sufficient to bar the operation of the proviso in Act March 3, 1891, c. 561, § 7, 26 Stat. 1098 (U. S. Comp. St. 1901, p. 1521), that after the lapse of two years from the issuance of such final receipt, "and when there shall be no pending contest or protest against the validity of such entry, the entryman shall be

entitled to a patent"; and especially is such direction sufficient where it was made because of a protest filed within the two years.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 308, 309; Dec. Dig. § 110.*]

Appeal from the District Court of the United States for the Western District of Louisiana; Aleck Boarman, Judge.

Suit in equity by the Long-Bell Lumber Company against Walter Moses. Decree for complainant, and defendant appeals. Reversed.

This is a suit in equity, brought by the Long-Bell Lumber Company, a Missouri corporation, against Walter Moses, a citizen of Louisiana. For convenience, the appellee will be referred to as the plaintiff, and the appellant as the defendant. The subject of the controversy is the timber on 120 acres of land.

The purpose of the bill is to establish by decree the plaintiff's title to the timber, enjoin the defendant who is in possession, from cutting the timber, and to enjoin him from preventing the plaintiff from cutting the timber. The questions involved in the case can only be made clearer by a condensed statement of the facts alleged in the bill.

On November 14, 1895, Susie L. Wellborn made a homestead entry of the land in question, and on October 4, 1901, having made the necessary proof, she received a final certificate. On January 11, 1902, she, for a valuable consideration, conveyed all the timber on the land to the plaintiff. On August 29, 1903—1 year 10 months and 25 days after the issuance of the final certificate to Susie L. Wellborn—James Moser "reported" to the Commissioner of the General Land Office that Susie L. Wellborn had never resided on the land. This communication of James Moser is not copied in the bill, but it is referred to in the opinion of the Secretary of the Interior—made a part of the bill—as a "protest" filed by James Moser "within two years" from the issuance of the final certificate. On September 21, 1903, the Commissioner of the General Land Office directed a special agent to investigate the entry in reference to Moser's protest. On August 6, 1904, Abel Simms filed a contest, which was "allowed," but was afterwards dismissed on December 14, 1905. On December 30, 1905, Simms presented a second contest; but this affidavit was rejected by the Commissioner for the reason that, "unless canceled as a result of the investigation ordered by office letter P, dated September 21, 1903, the entry is confirmed by the proviso to section 7, Act March 3, 1891." On August 2, 1906, an adverse report was submitted against the Wellborn entry by a special agent, and on September 4, 1906, the entry was suspended, and the local officers were instructed to proceed against the entry under the circular of February 14, 1906. Notice was served on Susie L. Wellborn. She denied the charges and applied for a hearing. On January 18, 1907, a contest of the entry was filed by William A. Moses, and he was allowed to intervene and become "a party to the contest," and the Land Department instructed the local officers to entitle the case "The United States of America and William A. Moses, Plaintiffs, v. Susie L. Wellborn and the Long-Bell Lumber Company, Defendants." On May 28, 1908, testimony was submitted on both sides, and on September 14, 1908, the Register and Receiver of the General Land Office found that Susie L. Wellborn had not resided on the claim during the life of the entry and that the improvements were not habitable, and recommended the cancellation of the entry and final certificate. Susie L. Wellborn and the Long-Bell Lumber Company appealed to the Commissioner of the General Land Office, and the local decision was affirmed by the Commissioner. The Long-Bell Lumber Company then appealed to the Secretary of the Interior, and, on September 14, 1909, the Secretary of the Interior affirmed the decision of the Commissioner. The opinion of the Secretary of the Interior shows, as before stated, that the protest of James Moser was filed within two years of the date of the final certificate. The opinion concludes by saying that "the department has carefully considered the record in this case, and is of the opinion that the conclusions reached by

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the local officers and your office are correct." The plaintiff, the Long-Bell Lumber Company, made efforts to review this decision canceling the entry of Susie L. Wellborn, but it was adhered to by the Secretary of the Interior.

On December 16, 1909, the defendant, Walter Moses, made application to enter the land, William A. Moses having waived his right, and on that day Walter Moses was allowed to enter the land as a homestead, and an original certificate of homestead entry was issued to him. He is in possession of the land, claiming and cutting the timber thereon, and refusing to let the plaintiff go on the land and cut the timber.

The United States has not intervened in the case, and Susie L. Wellborn is not a party to the suit.

The defendant, Walter Moses, demurred to the bill.

After overruling the demurrer, the District Court, on the averments of the bill, decreed:

"That the defendant, Walter Moses, holds the timber upon the land [describing it] as trustee for the Long-Bell Lumber Company, and that the timber upon said land belongs to said plaintiff, the Long-Bell Lumber Company, and that the title to said timber be, and the same is hereby, vested in plaintiff, the Long-Bell Lumber Company. * * *

"That the defendant, Walter Moses, be, and he is, hereby enjoined and restrained from interfering with, cutting, transferring, selling, or in any manner disposing of any of the timber upon the above-described lands, or from taking possession of any of said timber.

"And the said defendant, Walter Moses, be, and he is, hereby ordered and directed to permit the plaintiff, the Long-Bell Lumber Company, to cut and remove the timber upon and from said land."

Walter Moses, the entryman in possession of the land, and sole defendant, appeals to this court, and assigns, with various specifications, that the District Court erred in the decree rendered.

Frank E. Powell, of De Ridder, La., for appellant.

William R. Thurmond, of Kansas City, Mo., W. H. Scheen, of Shreveport, La., and Leon Sugar, of Lake Charles, La. (Baker, Botts, Parker & Garwood, of Houston, Tex., on the brief), for appellee.

Before SHELBY, Circuit Judge, and NEWMAN and GRUBB, District Judges.

SHELBY, Circuit Judge (after stating the facts as above). The claim asserted by the plaintiff to the timber is that of a purchaser from a homestead entrywoman holding a final certificate, which certificate, subsequent to the purchase, was canceled. The claim and possession of the defendant are based on the allowance by the Land Department of his application to enter the land as a homestead, and an original homestead entry certificate issued to him after the cancellation of the entry and final certificate of the plaintiff's vendor. The legal title to the land remains in the government, no patent having ever been issued. The plaintiff contends that it was entitled to the relief prayed for in the bill, and granted by the decree, because: (1) Susie L. Wellborn, by reason of the issuance of the final certificate to her, was the owner of the land, and had the right to sell and convey it, and the right to sell and convey the timber, and that, by the conveyance to the plaintiff, the plaintiff now has the right to cut and remove the same; (2) that the plaintiff, having paid her $2,000 for the timber, relying on her right, as shown by the final certificate, to sell the same, and having no knowledge of any fraud on her part, or defect in her claim, is entitled to the protection of the court as an innocent pur-

chaser for value; and (3) that the Land Department had no right to cancel the final certificate issued to Susie L. Wellborn, after the lapse of two years from its issuance, because such cancellation is in conflict with section 7 of the act of March 3, 1891 (26 Stat. 1098).

[1] 1. The final certificate is issued on an ex parte showing of improvements, cultivation, and occupancy. The certificate does not confer title. The legal title remains in the government till the issuance of the patent. The final certificate only confers an equity. If it be made to appear that the entry was fraudulent, and the proof offered to obtain the certificate was false, the Land Department may vacate the entry and cancel the certificate. The holder of the certificate has no right not subject to the proper review and control of the Land Department. Orchard v. Alexander, 157 U. S. 372, 15 Sup. Ct. 635, 39 L. Ed. 737. That the equitable right conferred by the certificate is entirely within the jurisdiction and control of the Land Department, and that the courts, as a general rule, will not interfere with the procedure of the Land Department before the issuance of the patent, is reaffirmed by the Supreme Court in Plested et al. v. Abbey et al. (April 7, 1913) 228 U. S. 42, 33 Sup. Ct. 503, 57 L. Ed. ——, and United States ex rel. v. Lane (March 17, 1913) 228 U. S. 6, 33 Sup. Ct. 407, 57 L. Ed. ——.

The bill shows that James Moser reported to the Commissioner of the General Land Office that Susie L. Wellborn had never resided upon the land. The Commissioner directed a special agent to investigate the entry. Another contestant was permitted to intervene in the same case. Notice was given to Susie L. Wellborn, and her vendee —the plaintiff here—also became a party to the contest. Evidence was offered by both parties. On the trial the entry and certificate were canceled, and on appeal, finally to the Secretary of the Interior, the cancellation was affirmed. The Land Department had jurisdiction of the controversy, and the bill affirmatively shows that it was not acting in an arbitrary manner. This decision deprived the entrywoman of all interest in the land, and necessarily deprived her vendee of any apparent interest in the timber. The legal title remaining in the government, the controversy was necessarily within the jurisdiction of the Land Department, and, its action not being illegal or arbitrary, the District Court could not have interfered in behalf of the entrywoman; for so long as the legal title remained in the government the Land Department was the proper tribunal to settle the controversy. Cosmos Co. v. Gray Eagle Co., 190 U. S. 301, 23 Sup. Ct. 692, 47 L. Ed. 1064. It is clear, therefore, that if the controversy here was between Susie L. Wellborn, the entrywoman, and the defendant, who entered the homestead after the cancellation, the legal title still remaining in the government, the District Court could not properly interfere to decide which of the two entries was valid. It certainly could not divest the title out of the government, cancel in effect the second entry, and deprive the Land Department of its statutory jurisdiction to settle such controversies. 10 Ency. of U. S. Sup. Ct. Reps. 265, 266.

[2] 2. The plaintiff, therefore, is constrained to contend that, although the entrywoman may have lost her rights and be without rem-

edy in the District Court, it is entitled to protection as a bona fide purchaser for value without notice.

We cannot see how the plaintiff, as the vendee· of Susie L. Wellborn, can have any better title than she had. It must be remembered that throughout these transactions the government had, and now has, the legal title to the land as matter of law, and that the plaintiff, purchasing from one who holds, not a patent, but a final certificate, was chargeable with notice that the legal title was in the government, and that the certificate, for cause, was subject to cancellation.

If the legal title to land is in A., and he contracts to convey it to B., on the payment of a certain sum by a fixed date, retaining the right to cancel the trade for nonpayment, and B., holding such contract, sells the timber on the land to C., who is chargeable with notice of the title, and B., when the time arrives, fails to pay A. for the land, and A., as authorized by the terms of his contract, cancels the trade with B., C. has no equitable or legal claim on the timber as against A. or his subsequent vendee. C., having bought the land from a holder of a mere equity, chargeable with notice that another has the legal title, has no remedy except a suit for breach of contract against his immediate vendor.

The same rule, we think, should apply here. The holder of the final certificate had a claim prima facie entitling her to title, but subject to cancellation by the government for cause. She sells the timber on the land to one charged with notice of the character of her claim. The certificate is canceled. The buyer, we think, has no claim on the timber, because he has no better title than his vendor. He has no claim on the government or its subsequent patentee. He has no contract with either. His remedy is an action against his vendor. It is decided in Hawley v. Diller, 178 U. S. 476, 20 Sup. Ct. 986, 44 L. Ed. 1157, that an entryman holding a final certificate acquires only an equity, and that a purchaser from him, the entry being subsequently canceled, cannot be regarded as a bona fide purchaser. This case is in direct conflict with the plaintiff's contention; but it is argued by counsel that a later case, United States v. Detroit Lumber Co., 200 U. S. 321, 26 Sup. Ct. 282, 50 L. Ed. 499, establishes the contrary rule. In a decision handed down to-day, this court has expressed the opinion that there is no conflict between the two cases, and that a purchaser from an entryman whose entry and certificate are subsequently canceled cannot defend as a bona fide purchaser, although the rule is different, as held in the latter case, where the entry and certificate are not canceled, but confirmed by a patent. United States v. Kennedy, 206 Fed. 47.

[3] 3. The third contention of the plaintiff is, as we have said, based on the proviso to the seventh section of the act of March 3, 1891:

"That, after the lapse of two years from the date of the issuance of the receiver's receipt, upon the final entry of any tract of land under the homestead, timber culture, desert land, or pre-emption laws, or under this act, and when there shall be no pending contest or protest against the validity of such entry, the entryman shall be entitled to a patent conveying the land by him entered, and the same shall be issued to him."

The contention is that, after the lapse of two years from the issuance of the receiver's receipt, the Land Department cannot lawfully cancel a homestead entry. It will be observed that the limitation, by the very words of the statute, applies only when "there shall be no pending contest or protest against the validity of such entry." It appears from the bill that a contest or protest of the entry was filed within the two years, and several such contests were subsequently presented. We concur in the opinion of the Secretary of the Interior, copied in the bill, that:

"The directing of an investigation by a government special agent within two years from the time final proof had been submitted and certificate issued was sufficient to bar the operation of the proviso."

Especially is such direction sufficient when it is made because of a protest filed within the two years, as is shown by the averments of the bill, and also by the opinion of the Secretary of the Interior. If the bill, a condensed statement of which we have given, did not make it plain that a contest was filed within the two years and was pending till it led to the cancellation of the entry, the decision of the Land Department that such was the case would not be subject to review in this action on the averments of the bill. The contents of the "protest" or "contest" and the letter directing an investigation are not before us.

Whether or not the paper filed by Moser and the order made thereon was a contest or protest was a question for the decision of the Land Department, a special tribunal on which Congress had conferred jurisdiction to decide such questions, and we are of the opinion that the District Court would be without jurisdiction to interfere with or reverse its decision of that question, on the averments of the bill; it failing to show the contents of the protest or to allege arbitrary or illegal action by the special tribunal. See Fisher, etc., v. United States ex rel. Grand Rapids Timber Company (Ms. opinion of the Court of Appeals of the District of Columbia, November 6, 1911).

No view that can be taken of this case would give the plaintiff any right to the timber, the subject of the suit, unless the Land Department should cancel the homestead entry of the defendant, and reinstate that of Susie L. Wellborn, and issue to her a patent. She is not a party to this litigation, and there is nothing in the record to show that she is asserting, or will ever assert, any claim to the land, or that she could assert such claim successfully.

We are unable to see that the averments of the bill entitle the plaintiff to any relief in the District Court.

The decree is reversed, and the cause remanded, with instructions to sustain the demurrer.