BREAUX, J.
Plaintiff sued to recover from the defendants an undivided half interest in land forming an addition to the city of Lake Charles.
The land was entered by Phillip Reon under the homestead laws of the United States on the 6th day of September, 1869.
At that date he was the husband of Milly Reon, and husband and wife resided on the land until May, 1873, on which date Phillip Reon died.
Milly Reon, widow of Phillip, continued to reside on the land, and in 1875, after the required five years’ occupancy had elapsed, she made final proof of homestead, and received a patent, issued in her name, for the land in question.
Phillip Reon, head and master of the community, occupied the land for a period of three years and eight months from the date of entry, and died leaving no issue of their marriage; and- Milly Reon, his widow, possessed the land the time remaining to complete the five years required for entry of land under homestead laws. ,
The question for adjudication is whether the land belonged to the community, or to the surviving wife, who completed the entry of the land after her husband’s death, as before mentioned. If it belonged to the community, it follows that she owned half, and the heirs of her husband the other. If it did not fall into the community, then, as the patent reads, she is the owner of the whole tract.
The question here involved comes up on defendants’ exception of no cause of action, which they plead as ground for rejecting plaintiff’s demand.
We begin by laying down the proposition that to the community belongs the property acquired during the marriage, under varying conditions, it is true; yet the laws regulating the community always look to some sort of title in the community, in order that it may be considered as community property of the spouses.
Here the community never acquired the property under any title whatever. Under the permit from the government, evidenced by a proper certificate from the federal land office, the entryman made his entry upon the land.
If the first certificate can he considered as conferring a right of ownership upon the entryman, then the land at once became vested in the community. If it did not, then it did not become part of the community assets.
The settler on public lands must reside on, and be the cultivator of, the land he seeks to enter. It becomes his only after five years’ possession and cultivation, before mentioned, and not prior to that time. The legal title during that period remains in the United States. The land may be, as learned counsel for the defendants argue, considered segregated from the public domain. Yet this does not show title in the entryman. In case he fails in complying with the conditions imposed by the government, he would not find the least support to his claim in the fact that during his occupancy the land was considered segregated from the public domain. It *438 would, after failure to continue in possession as required, remain in the general government, as if it had never been segregated from the public domain. The statute under which land is acquired from the general government bears that interpretation. It does not contemplate that any right is acquired as owner before the expiration of five years. Section 2291 of the federal statutes [U. S. Oomp. St. 1901, p. 1390],
As evidence that the community had no title, we need only refer to the fact that at the death of the husband nothing had been done giving a right in land to call for a title from the government, which was afterward issued to his widow. The husband and his heirs at the former’s death had no equitable or any other title, and all claim came to an end.
The statute then stepped in, as it were, and offered to the widow to complete the time, as relates to possession, and that then the title, which had not previously passed out of the government, would become hers. This was a condition the government could well stipulate in regard to its own domain.
It would be different if the government had issued a patent, or its equivalent — a final receiver’s receipt. Then the head of the community would have acquired lands, which of necessity, under the law, fall into the community. This was the view expressed in a recent case in which the five years had elapsed, and final proof had been made. Brown v. Fry, 52 La. Ann. 58, 26 South. 748.
Here is nothing of the kind. Nothing had been- acquired except the right to remain on the property, and to become the owner after the time mentioned in the statute.
In all the eases in our books the crucial test was ownership, or some sort of right acquired to the property, in order for it to be considered as having fallen into the community. This court has never gone to the extent of holding that a mere right of possession (for the purpose of homestead), not seizable, not mortgageable, nor leasable, was an asset of the community.
It will be borne in mind that in the case cited above (52 La. Ann. 58, 26 South. 748) the property had become the absolute property of the head and master of the community, and, in consequence, of the community itself.
In the first of the following cases: Morris v. Covington, 2 La. Ann. 259, and Moniotte v. Lieux, 41 La. Ann. 528, 6 South. 817 — cited by plaintiff’s counsel, the property was bought during the community; and, although not paid for during the community, it none the less was property of the community — a debtor for the price paid by the husband after its dissolution.
In the second (41 La. Ann. 528, 6 South. 817), the purchase during the community was not complete and legal. It was made complete after its dissolution, and the court held that it thereby was community property, and the price a community debt.
The same conclusion was arrived at, based on facts very similar, in Burns v. Thompson, 39 La. Ann. 377, 1 South. 913 — another case cited for plaintiff.
In the case here it never became property of the community.
In U. S. v. Ball (C. C.) 31 Fed. 667, the court held that the title is in the United States until the entryman is entitled to his final certificate.
The entryman’s right was treated as one of possession, and not as a title, in United States v. Turner (C. C.) 54 Fed. 229. The land was held not to have been “acquired” until the limitation period had run. Bishop v. Lusk (Tex. Civ. App.) 27 S. W. 306.
Property inures to the community only in case of title of some sort. The statute of the United States discovers no title in the head and master of the community until the five-years possession has elapsed. Neither have we.
For these reasons, the judgment appealed from is affirmed.