## JOSIAH CREAMER ET AL. v. J. D. BRISCOE ET AL.

### No. 1824.   Decided April 15, 1908.

**1.—Community Property—Homestead Donation.**

A husband and wife having settled on land for the purpose of acquiring a homestead donation from the State, the wife died and the husband married again before the expiration of three years occupancy necessary to acquire title; this being completed patent issued to the husband. Held that the land was community property of the husband and the first wife, and that, as against her heirs, the heirs of the second wife had no interest.   (Pp. 491, 492.)

**2.—Same.**

The character of title to property, as separate or community, depends upon the existence or non-existence of the marriage at the time of the incipiency of the right in virtue of which the title is finally extended; the title, when extended, relates back to that time; and the right to a homestead donation has its inception in the actual settlement upon the land.   (P. 492.)

**3.—Cases Discussed.**

Mills v. Brown, 69 Texas, 246, and Welder v. Lambert, 91 Texas, 510, discussed and approved; Buford v. Bostick, 58 Texas, 63, and Roberts v. Trout, 13 Texas Civ. Apps., 70, distinguished; Votaw v. Pettigrew, 13 Texas Civ. App., 87, disapproved and refusal of writ of error therein explained.   (Pp. 491–494.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Comanche County.

Briscoe and others sued Creamer and others and recovered judgment. Defendants appealed and on affirmance obtained a writ of error.

*Snodgrass & Dibrell* and *Geo. E. Smith,* for plaintiffs in error.— The court erred in holding that the plaintiffs were entitled to an interest of six-fourteenths in the 160 acres of land in controversy and in rendering judgment therefor, for that their demand being based on an interest claimed by inheritance from their mother, who it is admitted was the second wife of Josiah Creamer, who, with his first wife preempted said land; and the patent thereto having been issued to said Josiah Creamer in pursuance of his settlement thereon with his first wife, said land was and became community of himself and last mentioned wife, and plaintiffs acquired no interest from their mother. Mills v. Brown, 69 Texas, 246; Palmer v. Burnett, 81 Texas, 451; Wise County Coal Co. v. Phillips, 21 Texas Civ. App., 293; Manchaca v. Field, 62 Texas, 139; Marlin v. Kosmyroski, 27 S. W., p. 1042; Welder v. Lambert, 91 Texas, 521; Johnson v. Townsend, 77 Texas, 644; Busk v. Lowrie, 23 S. W., p. 984; 86 Texas, 132; Edwards v. Brown, 5 S. W., p. 88; 68 Texas, 334; Porter v. Chronister, 58 Texas, 54; Taber v. Dallas County, 106 S. W. Rep., 332.

*Goodson & Goodson,* for defendants in error.—Neither Josiah Creamer nor his first wife had any vested right in the vacant public domain located upon by their settlement and file until the three years occupancy had elapsed; and Malinda Creamer had no

right to the land, but only a prospective interest depending upon a compliance with the law regulating the acquisition by preemption of homesteads by actual settlers, and having died before the three years occupancy had elapsed had no title and could transmit none to her heirs. Votaw v. Pettigrew, 15 Texas Civ. App., 87; Roberts v. Trout, 13 Texas Civ. App., 72; Mitchell v. Nix, 1 Posey, U. C., 126-140. The statutes relating to the acquisition by preemption of homesteads by actual settlers.

The law provides that all property the title to which is acquired during the marriage relation is community property; Josiah Creamer had no title whatever in the land until the lapse of the three years occupancy, and the title then vested, and at the time the title was so acquired, Josiah Creamer and Sarah Briscoe were husband and wife, and it became by force of the statute and the laws regulating the acquisition of preemption homesteads by actual settlers the community property of Josiah Creamer and his second wife Sarah Briscoe. Same authorities.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

This action was brought by defendants in error as heirs of Mrs. Sarah Creamer, the second wife of Josiah Creamer, to establish their title to interests in the land in controversy alleged by them to have been the community property of Josiah Creamer and their ancestress. The plaintiffs in error, the defendants below, claim the whole of the property as belonging to the community estate of Josiah Creamer and his first wife. Creamer and his first wife settled upon the land, in 1871, in order to acquire it as a homestead donation under the laws then in force, and did everything necessary to that end except to complete the three years occupancy. After they had occupied the land for more than a year, Mrs. Creamer died, and Josiah Creamer, thereafter and during the three years, married his second wife, and with her completed the occupancy and obtained a patent.

We are of the opinion that the case of Mills v. Brown, 69 Texas, 246, sustains the contention of plaintiffs in error that the facts stated show the land to belong to the community estate of the first marriage. In that case a widow, who was the head of a family, made application for a survey of a piece of public land, for a homestead, and paid the surveyor's fees. Without having done anything more, she married, and she and her husband settled and resided together upon the land for less than three years, when she died. Thereafter the husband completed the necessary occupancy and a patent issued to her heirs. The question was whether the land was community property of the two or the separate property of the wife. The court held both that it was not her separate property, and that it was community property, and the land was divided equally between the claimants under the two.

If the contention of the defendants in error were sound, the land involved in that case would have been the separate property of the husband, such contention being that homesteads of this character are only acquired, in the sense of the statute defining

separate and community property, after the occupancy has been completed. Mills v. Brown, fully recognizes as applicable to such cases the principle, more fully discussed afterwards in the case of Welder v. Lambert, 91 Texas, 510, that the character of title to property, as separate or community, depends upon the existence or non-existence of the marriage at the time of the incipiency of the right in virtue of which the title is finally extended, and that the title, when extended, relates back to that time. And Mills v. Brown expressly holds that the right to such homestead donations has its incipiency in the actual settlement upon the land.

It is true that the claimant under the husband in Mills v. Brown claimed only half of the land on the ground that the whole was the common property of the husband and wife, and did not assert that it became the separate property of the husband by his completion of the occupancy after his wife's death. He was merely resisting the contention that the land belonged to the wife, in her separate right, because of the steps taken by her before the marriage and settlement. Both parties were contending for the principle above stated, and differing upon the question as to what step or steps constituted the inception of the right which merged in and gave character to the title, and it was this question which the court decided, holding in no uncertain language, and upon reasoning with which we are entirely satisfied, that the initial step in which the right originated was the settlement.

The decisions by which the Court of Civil Appeals felt constrained to hold in this case that the land in question belonged to the community estate of the second marriage are Buford v. Bostick, 58 Texas, 63; Roberts v. Trout, 13 Texas Civ. App., 70; Votaw v. Pettigrew, 15 Texas Civ. App., 87; Richard v. Moore, 34 So. Rep., 593.

In Buford v. Bostick, the question was one of three years limitation, depending upon the further question whether or not the claim to a homestead donation of land, which was not vacant but was owned by the plaintiff in that action, constituted color of title before the settlers had held for three years. The decision was based mainly upon the language of the statute regulating the action of trespass to try title and the limitations applicable to it, but in the course of the opinion this language is used: "A preemption claim, until perfected, is not a title defeasible upon the non-performance of conditions subsequent, but is a mere inchoate right which may ripen into a perfect title upon the performance of certain conditions precedent. Neither is it an already existing and certain demand for land, issued by the government upon an executed consideration, as a certificate of headright, land warrant or land script, but is a mere privilege or right of possession, sufficient under the statute, as against all but those holding under a superior right or title, to maintain trespass to try title, but not sufficient to defeat this superior right or title by limitations."

This characterization of the right of a homestead or pre-emption claimant as against the State may be correct enough, and the question whether or not such a claim to land is title or color of

title under the statute of limitations may depend upon its legal standing as between the claimant and the State. But when the question is one between the husband and wife as to their respective rights, other consideration should control, and are made to control by the reasoning in Mills v. Brown.

It is not correct to say that a husband and wife who have settled upon public lands under the law giving them the right to occupy and improve it and eventually to obtain title by such occupancy and improvement, acquire no right prior to the running of the prescribed time. It is true that they do not acquire a complete title, legal or equitable, until they have possessed for such time, but it does not follow that they do not acquire a right in the land which afterwards merges in and determines the character of the title. From the time of the initial steps, the settlement, they have the right to hold and use the land as owners against any one but the State, and against the State at least so long as they comply with the law and it remains unchanged. They are authorized to sell their claim and the purchaser becomes entitled to take possession, to complete the occupancy and to acquire the title. It would hardly be contended that the price of such a sale would not be community property. And, perhaps, we hazard nothing in saying that, if it should become necessary for a court, upon separation of the husband and wife, to partition their property between them before the expiration of the three years, the land held by them under such a settlement would have to be taken into account as their joint property and their rights with respect to it adjusted in some appropriate way. It is evident, therefore, that they do acquire rights of property in or with respect to land so held even before they have entitled themselves to a patent from the State.

It would seem that, as between themselves and as against all persons but the State, they are to be treated as having title to the property subject to be lost by non-compliance with the condition of continued occupancy. Certainly they have rights of property in the land, and this is enough to make applicable the principle laid down in Welder v. Lambert, that the status of title, as belonging to one estate or the other, is determined by the status of the original right subsequently matured into full title. The authorities which hold otherwise reach their conclusions by considering merely the relation of the settler to the State under an incomplete occupancy (Richard v. Moore, supra) while the opinion in Mills v. Brown regards as decisive the rights which exist as between the parties themselves, and this, we think, is the true test. The original property right, having been "acquired" during the marriage, is community, and the title which completes that right relates back to its origin and takes character from it.

Of the other decisions in this State relied on by defendants in error that of Votaw v. Pettigrew, *supra,* alone sustains them. The very question was involved in that case and was decided by the Court of Civil Appeals. Another point, equally decisive, was there involved, and upon it the refusal of a writ of error by this court may be sustained. The claim of title of the heir of the

deceased wife was an equitable one and the purchasers under the husband were not shown to have had any character of notice of it.

In Roberts v. Trout the husband conveyed the land and he and his wife actually left it without having occupied it for three years. The purchaser completed the occupancy and received the patent. We do not find that this court passed on that case. The point decided was that the husband could make such a sale without the assent of the wife, which is a very different question from that before us. The same conclusion was reached in Mitchell v. Nix, 1 Posey's Unreported Cases 126, and while the question is not in this case we are not to be understood as intimating a different opinion.

In Bishop v. Lusk, 8 Texas Civ. App., 32, it was held by the Court of Civil Appeals that when a husband and wife entered upon land of another and held adverse possession for a time less than that required to give title by limitation, when the wife died, and thereafter the husband married again and completed the adverse holding for the term required to bar the true owner, the property did not belong to the community estate of the husband and the first wife. That case was never brought to this court, and is easily distinguishable from this. It holds that a trespasser upon the land of another acquires no right whatever until title is given by the statute of limitations after the lapse of the prescribed time. We have endeavored to show that this can not justly be said of a settler upon public land complying with the laws giving him the right to do so.

It follows from what we have said that the character of the property in controversy had been fixed, as belonging to the community estate of the first marriage, when Creamer last married, and that such character could not be affected by that marriage. The last wife merely came into the family and resided on the homestead in use, the title to which was no more changed thereby than if it had been Creamer's separate property.

Plaintiffs having no title upon which to recover, the judgments below will be reversed and judgment will be rendered that they take nothing, etc. Reversed and rendered.

*Reversed and rendered.*