BREAUX, C. J.
This was a petitory action.
The tutor of Effie Bell Wadkins claimed an undivided half interest in the S. E. % of township 20 N., range 16 W.
On the 25th day of February, 1895, W. H. Wadkins, father of Effie, filed his application for the entry of the land described under the homestead law. The entry was allowed and the necessary papers issued to him. At the end of five years, to wit, on September 8, 1899, he made final proof and obtained a patent.
W. H. Wadkins married Mary Jane MeCatheron on June 24, 1894, and she died on the 5th day of December, 1896. There were two children born of this first marriage. One died at the age of about two years, and the other is the plaintiff, represented by her tutor.
The two defendants are oil and gas companies operating in the Caddo Oil and gas fields.
The Producers’ Oil Company, under a lease from the Atlanta-Shreveport Oil & Gas Company, drilled a well on the property, which produced a large amount, and which is still producing.
Judgment was rendered in favor of plaintiff for a half interest in the land and for $86,328.24 realized from the oil produced.
Wadkins personally had parted with the title to the land, and had sold all minerals, including oil, on the land sued for.
Plaintiff personally having settled on the land and obtained receipts of entry, before mentioned, sued as,tutor of Effie to recover one-half of the land and the amount in cash, before mentioned, as having been realized from the oil.
From, the foregoing, it will be seen that plaintiff’s wife died about two years after plaintiff’s entry on the land, as above stated. Plaintiff tutor claims that the late Mrs. Wadkins acquired an interest from the date of his entry upon the land.
*311 As the plaintiff had only a right of possession and cultivation, he can scarcely maintain the proposition that his title dates from the time that he obtained the certificate allowing him to go into possession.
The three propositions for discussion are: First. The date from which the entryman under the homestead law of the United States acquires title. Second. The title by relation back to the entry of the settler on the land. Third. The interest vel non acquired by the heir of the wife.
[1] Before we enter upon the subject, we will take a passing view of the laws of the federal government under which homestead entries are made and of the state laws relating to the community between husband and wife.
From the earliest days in its history, the government has retained the right to dispose of public domain. The authority in this respect is not limited.
In the treaty of cession of the territory of Louisiana, it is mentioned that the public lands became part of the domain of the federal government, and the local authorities in those days embodied expressions of approval in this regard in the fundamental law of the state.
Ordinances annexed to the Constitution of 1812:
Since those days, the lawmaking power of the general government has always legislated from that point of view, and well-considered decisions have always recognized the right which remains in the government until the land is finally disposed of.
In fine, the public domain passes from the government to the grantee under the laws of the United States. Prior to the transfer of the title by the government to the homesteader; the government imposes its own conditions, as the land continues to be the property of the 'United States until the patent issues. Shiver v. United States, 159 U. S. 493, 16 Sup. Ct. 54, 40 L. Ed. 231.
[2] This leaves no ground for the application of the doctrine of relation back to another act. The title does not vest complete entry and payment. Hall v. Russell, 101 U. S. 503, 25 L. Ed. 829; Menard v. Hill, 125 U. S. 190, 8 Sup. Ct. 723, 31 L. Ed. 654.
The statute does not concern itself about the wife, while the husband is living, as a necessary party in perfecting the homestead. She, any further than any other member of the family, is not a necessary party. That is, she stands on the same footing during the life of her husband as any other member of' the family, and has no other right, whether the family consists of children or grandchildren, or any other person. In case of the husband’s death, she, as his widow, by express provision of the statute succeeds to the privileges of the entry and of obtaining the final receiver’s receipt and finally a patent. At her death, the heirs of the husband succeed to the privilege.
During the five years of possession and cultivation, the entryman has the right to perform such acts and of taking such steps as are necessary to the improvement of the property. ' He can protect it from waste and trespass as if it were his own; but it does not follow that on that account the land is transferred before the expiration of the time before mentioned, or before compliance with the provisions of the law.
In order to emphasize its right, as it were, the government provides that if the settler abandons the property over six months he loses all right under the homestead law. Had he acquired any interest, the six months would not be as fatal to his entry under the homestead law as it is.
He possesses the right of possession to the exclusion of all others; but this does not constitute title to the land. He is the “remainderman.” Shiver v. United States, 159 U. S. 499, 16 Sup. Ct. 54, 40 L. Ed. 23. That is, his interest vests when earned.
The court, in.the just-cited decision,.in *313 forms us that the courts of original jurisdiction uniformly hold in regard to the date ■that the entryman acquires title, that it applies to all homestead entries, and cites a number of decisions in support of this view, and the court adds the general concensus of ■opinion is entitled to great weight as authority.
The uniform jurisprudence of this state is in accord with these decisions. In Foley v. Harrison, 5 La. Ann. 75, in strong, clear, and positive terms, the court held that until the patent issues the fee is in the general government. The judgment in this case was affirmed by the Supreme Court of the United States. Foley v. Harrison, 15 How. 433, 14 L. Ed. 761.
There are three decisions of this court of recent date to which learned counsel confidently refers and quotes from. As he contends that they are pertinent and controlling, we will consider them specially later. We are impressed by his argument, because he urges that they settle the rule of property, and agree with him that such a rule should not be changed, save in case of the utmost ■necessity.
We will determine later if it be as counsel urges.
[3], Having arrived at the conclusion in re.gard to the date of the title, in discussing our first proposition, it behooves us to take up the second proposition and determine whether the title acquired relates back to the entry upon the land, and determine whether .the fiction applies which considers the thing done of a recent date as if done at an anterior date.
That doctrine scarcely has application in a homestead case in favor of the heirs of the mother deceased, who died before the end of the five years necessary to complete the homestead entry. At her death, Mrs. Wad-kins, the mother, had acquired no right in ,the land; therefore her heir, or the one who represents her, cannot invoke a prior right in support of a subsequent alleged but nonexisting right.
. If this were the case, in the event that the homesteader remarries, and if the first wife acquires some interest in the land, it would follow that the second wife would also be entitled to some interest. There would be necessity for a division, for a partition of interest, as to which the law makes no provision.
According to plaintiff, there would be even two communities, one dissolved, and the other existing; but no such condition can arise under the homestead law.
It is different in case of the entryman or the entrywoman. Her right may relate back to the settlement; for as to these there is express provision made under the statute.
It is not possible; the title cannot relate back so as to confer right on the wife, although the husband’s title relates back, or the widow, as before stated.
The decision in the McCune v. Essig Case, 199 U. S. 387, 26 Sup. Ct. 78, 50 L. Ed. 237, is very similar to the case before us for decision, both as relates to title by relation and as relates to the right of the community.
In the cited case, it was contended that the interest which the husband acquired by his entry was community property, and that it related back to the date of entry. It is proper to state here that at the death of the husband in the cited case the wife fulfilled the conditions of settlement and proof. The court held in that case that the title remained in the government; that no beneficial interest had passed to the husband under the doctrine of relation; and that the wife who had obtained the patent was the beneficiary of the grant.
The doctrine of relation was considered, also, in the case of Hussman v. Durham, 165 U. S. 149, 17 Sup. Ct. 253, 41 L. Ed. 664.
The definition of this doctrine by the court *315 does not warrant the conclusion that one other than the homesteader can benefit by the doctrine.
If it were held that the right related back to the entry, as relates to others than the entryman, it would give rise to the thought that the statute intended nothing; that it was a mere dead letter when it specifically states that the entryman should declare on his oath, forming part of his application, that the land that he seeks to enter is entered for himself, and not for the benefit of others; that he is not to give to others the benefit of the land entered, or make any agreement by which the title should inure, in whole or in part, to the benefit of any other person, except himself. See the federal homestead -statute.
[4] The government has made provision regarding the wife.
The statute provides, “if the person making such entry, or if he be dead, his widow, or, in case of her death, his devises” — all from the same statute, all precluding, the possibility of arriving at the conclusion that the wife, despite these provisions, has an interest in the land entered by her husband to which her heirs can lay claim after her death.
Sis heirs or devises are the last mentioned. What other can this mean, if it is not his heirs or devises?
This, in our opinion, settles the question of title by relation back to the settler’s first entry on the land as a homesteader.
The next proposition has been somewhat anticipated unavoidably. That is, as to whether the heirs of the widow have acquired anything in the land.
While there may be something said in support of the proposition that, as between the government and the settler, these are correct positions that, as between the settler and his wife, and afterward his widow in case of his death, the land may be considered hers to the extent that the community is-concerned.
If the statute was not as positive, it may be that such a conclusion might be reached. It does seem as if nearly all the rights merge-in the husband when he is the entryman,. and the only exception is in case of his-death, and the right given to the widow to* perfect the homestead. In the event of her death, we have seen that it is not her heirs, but his heirs, who are the possible beneficiaries. The statute is imperative.
Until the term of occupancy has elapsed and a patent has issued, the statute is controlling. It is different after it has passed out of the government, and a right has been acquired to the land. As to acquiring an interest before then, it is a well-known fact, that the community system is ignored in the-administration of the federal laws. Cunningham v. Krutz, 41 Wash. 190, 83 Pac, 109, 7 L. R. A. 968.
The heirs take as donees, and not by descent. The terms of the statute are clearly expressed. The attempt to add another condition by decreeing that an interest inured’ to the community or to the wife or to her-heirs would be wanting in precision intended by its terms.
We have already stated that there are-three decisions, to which we said we would, return later, to which counsel confidently refers. The first is the case of Brown v. Fry, 52 La. Ann. 58, 26 South. 748.
It is stated in a note to the Cunningham v. Krutz Case, cited above, with reference-to this court, that it distinctly based its decision in the 52 La. Ann. 58, 26 South. 748, case upon the fact that all the rights of the-homesteader and his wife are complete. They had passed the period of uncertainty in matter of land entry. There was no-more any question possible in regard to the homesteader’s right; it was final, and had passed out of the government. If that be *317 the correct statement of the case (and we certainly think it is), it affords no good ground to plaintiff to invoke the decision in support of his claim.
In Richard v. Moore, 110 La. 435, 34 South. 593, the court held that the homesteader had not been in possession of the property five years at the date of the husband’s death; that his widow remained in possession the five years and completed the title and obtained a patent; that the property became hers by the patent, and did not fall into the community, which was dissolved at the date of her husband’s death; tuat the community could not acquire the title under the statute. When the title was acquired, the community had been dissolved.
In regard to the other cited decision, the following is from the note on tue same, which we slightly abbreviate:
The case of Crochet v. McCamant, 116 La. 1, 40 South. 474, 114 Am. St. Rep. 538, appears in direct opposition to the doctrine announced in the Cunningham v. Krutz Case, 41 Wash. 190, 83 Pac. 109, 7 L. R. A. (N. S.) 767; for the court holds that the acquisition dates from the entry; that the final proof has a retroactive effect to the date of the entry, and, consequently, the homestead became the joint property of the husband and the wife at the time of the entry, even though proof was made after the death of the wife; that in that case the death of the wife occurred after the expiration of the five years; and that this fact may distinguish this case from Cunningham v. Krutz. But, it is stated further in the note in the opinion cited above, little weight appears to be attached to this fact, the decision being mainly upon the fact that immediately upon the entry the homesteader had a conditional ownership of the land, and the accomplishment of the condition under which he held retroacted to the entry, and consequently the land.
This dicta in the quoted opinion is erroneous, It was not necessary to the decree, and for that reason is not considered as controlling. But, with this dicta deducted, the decree is correct'and in accord with the views before expressed.
To resume. Plaintiff acquired under the' homestead law the right to go into possession and protect his possession; that is all..
The mere fact that one takes out the first papers, with the view of entering the property under the homestead law, is not equivalent to a title. Guaranty Savings Bank v. Bladow, 176 U. S. 456, 20 Sup. Ct. 425, 44, L. Ed. 540.
A final, and not a duplicate, receiver’s receipt evidences title. Hall & Leg v. Jeter, 127 La. 234, 53 South. 533.
The title remains in the United States-until the homesteader acquires a right to a final receiver’s receipt. Spokane Falls v. Ziegler, 167 U. S. 73, 17 Sup. Ct. 728, 42 L. Ed. 79.
The modus operandi to which the Civil Code applies are acquisitions by purchases- and by donation, made jointly to both spouses. Hurst v. Thompson, 118 La. 58, 42 South. 645. Then the property passes to the community — a condition which does not arise in. the case under consideration.
For reasons stated, it is ordered, adjudged, and decreed that the judgment appealed from is avoided, annulled, and reversed; that plaintiff’s demand he rejected and his petition dismissed in both courts, at his costs-