For the reasons assigned, the judgment appealed from is affirmed.

152 So. 75

### BREWER et al. v. HILL

No. 32384.

Nov. 27, 1933.

Rehearing Denied Jan. 2, 1934.

ST. PAUL, Justice.

Sarepta Jane, deceased wife of John Hill, the defendant, was married three times: First, to J. M. Brewer, by whom she had one son, J. M. Brewer, Jr., the father of these plaintiffs. Second, to W. N. Hill, by whom she had one son who died in infancy before his parents. Third, to John H. Hill, this defendant, by whom she had three children who are still living.

On February 12, 1875, and during her marriage with her second husband, W. N. Hill, the said W. N. Hill made a formal entry on public lands belonging to the United States with intent to secure a homestead thereon, being then in possession of said land and having cultivated it since, October, 1872.

W. N. Hill died in August, 1877, while still in possession of the land but without having made final proofs or receiving final certificate. And in June, 1881, his widow, Sarepta Jane, in accordance with the provisions of U. S. Rev. St. 2291 (43 USCA § 164 note), made final proofs and received final certificate entitling her to a patent for the land (afterwards issued December 14, 1895) as Sarepta J. Hill, widow of W. N. Hill.

Sarepta Jane, widow of William N. Hill, had in the meanwhile, to wit, December, 1877, married the defendant, John Hill. The main issue and chief controversy herein is whether the lands thus granted by the United States to Sarepta Jane are her separate property, or whether they belong to the community which existed between her and her surviving husband, John Hill, and it arises between certain heirs of Sarepta Jane (who died intestate on May 10, 1918) seeking as plaintiffs herein to be declared the owners of the property by in-

heritance from her, and the defendant, John Hill, who is in possession of the property and claiming to be the owner of an undivided one-half interest therein as surviving spouse in community of the said Sarepta Jane.

The trial judge held that the land was the separate property of Sarepta Jane and did not belong to the community formerly existing between her and the defendant John Hill.

And the defendant, John Hill, appeals.

## I.

▐ Under the laws of the United States which are controlling herein (U. S. Rev. St. §§ 2291, 2292 [43 USCA §§ 164 note, 171]), the lands continued to be the property of the United States until final proof was made and the final certificate issued; and neither the entryman nor his heirs acquired any vested right therein whatever. Shiver v. United States, 159 U. S. 491, 16 S. Ct. 54, 40 L. Ed. 231; McCune v. Essig, 199 U. S. 382, 26 S. Ct. 78, 50 L. Ed. 237; Richard v. Moore, 110 La. 435, 34 So. 593; Ford v. Edenborn, 142 La. 927, 77 So. 851; Smith v. Anacoco Lumber Co., 157 La. 466, 102 So. 574; Trumbull v. Sample, 158 La. 629, 104 So. 479; Industrial Lumber Co. v. Farque, 162 La. 793, 111 So. 166; Doucet v. Fontenot, 165 La. 458, 115 So. 655.

▐ And by the same laws (U. S. Rev. St. §§ 2291, 2292 [43 USCA §§ 164 note, 171]), where the entryman dies before completing his final proof and obtaining his final certificate, his widow alone, to the exclusion of his heirs, has the sole right to complete the entry by final proof and receive the final certificate. In such case the land becomes the exclusive and separate property of the wife and the heirs

of the deceased entryman have no interest therein whatever. Richard v. Moore, 110 La. 435, 34 So. 593; Ford v. Edenborn, 142 La. 927, 77 So. 851.

## II.

▐▐ So that had Sarepta Jane continued unmarried until she had made final proof and obtained final certificate the land would most certainly have been her separate property. Richard v. Moore, 110 La. 435, 34 So. 593; Ford v. Edenborn, 142 La. 927, 77 So. 851. And the question is whether her having delayed to make the final proof and obtain the final certificate until after she had married the defendant, John Hill, had the effect of making the land thus acquired a part of the community between herself and her third husband.

In our opinion it had not that effect. When the United States, in the plenitude of its power over public lands, stripped the heirs of the original entryman of all equitable interest in the land and gave to the widow the sole right to complete the entry and receive the land to the exclusion of the heirs of the entryman, that was a pure gratuity on the part of the United States intended for the exclusive advantage of such widow and inuring to her sole benefit. And pure gratuities, gifts, and donations, made to the spouses, do not fall into the community unless made jointly to them both (Rev. Civ. Code, art. 2402); and, as above said, the gratuity, gift, or donation, made to the wife under U. S. Rev. St. 2291 (43 USCA § 164 note), is for her sole and exclusive advantage and benefit.

▐ Of course, the case is different where the original entryman himself completes the final proof and receives the final certificate.

In such case there is, on the part of the United States, no stripping of equities from one party and transferring of them gratuitously to another, as there is when the widow of a deceased entryman is gratuitously preferred over his natural heirs.

In such case the entryman is a mere purchaser from the United States to whom had been granted mere preference in the right to purchase by reason of his priority of entry on the land. And accordingly the status of the land acquired becomes community property or separate property accordingly as the final certificate issued during the marriage or after dissolution thereof, regardless of when the entry thereon might originally have been made. Doucet v. Fontenot, 165 La. 458, 115 So. 655; Industrial Lumber·Co. v. Farque, 162 La. 793, 111 So. 166; Smith v. Anacoco Lumber Co., 157 La. 466, 102 So. 574.

We therefore agree with the trial judge that in this case the land was the separate property of Sarepta Jane and did not belong to the community formerly existing between her and the defendant, John Hill.

### III.

◼◼ There is a motion by the appellees (plaintiffs) to dismiss this appeal on the ground that there was omitted from the transcript an act of sale to them from the other heirs of Sarepta Jane.

Aside from the fact that under Act No. 234 of 1932, p. 739, this court cannot dismiss an appeal without first allowing the appellant at least two days to cure the omission, we are of opinion that the document was irrelevant to the issue in this case. It had no bearing whatever on the real issue in this case, to wit, whether the property in controversy was community property or the separate property of Sarepta Jane. And since we find that the land was the separate property of Sarepta Jane, her surviving husband, the defendant, John Hill, has no rights to any portion of it. And, such being the case, any heir can maintain an action against him for the whole property, regardless of whether or not he be joined by any other heir, though of course the rights of the other heirs are not prejudiced thereby. Compton v. Mathews, 3 La. 128, 134, 22 Am. Dec. 167; Pearson v. Grice, 6 La. Ann. 232, 235.

### IV.

The judgment of the lower court recognizes the plaintiffs' ownership of the land as against the defendant, John Hill, which, of course, does not prejudice the right therein of the other heirs of Sarepta Jane unless they have parted therewith to plaintiffs; and that is a matter between them and plaintiffs, not between plaintiffs and this defendant.

◼ But for some reason, not made clear by the record, the trial judge refused to grant plaintiffs the right to take physical possession of the land during the life of the defendant John Hill. Whether that part of the judgment be right or wrong, we are not concerned in it, for this is John Hill's appeal and plaintiffs have asked no amendment of the judgment in that particular. Hence it is final in that respect, and, since we think it is correct in all other respects, we will affirm it as it stands.

### Decree.

For the reasons assigned, the judgment appealed from is affirmed.