11 So.2d 609

## CUPPLES et al. v. HARRIS.

No. 36488.

Dec. 30, 1942.

Joseph S. Guerriero, of Monroe, for appellants.

H. C. Walker, Jr., Robert Roberts, Jr., and George Conger, all of Shreveport, and P. S. Gaharan, Jr., of Jena, for appellee.

PONDER, Justice.

The plaintiffs, Mary Franklin Cupples et al., claiming to be the owners of two noncontiguous tracts of land, brought a petitory action against the defendant, J. E. Harris, who was in possession of the property, seeking to be decreed the owners and to gain possession thereof. The defendant interposed exceptions of no cause and no right of action. The lower court gave judgment sustaining the exceptions and dismissing the plaintiffs' suit. The plaintiffs have appealed.

From a reading of the allegations in the plaintiffs' petition, it appears that D. C. Franklin was married three times. There was born from his first marriage with Mary Franklin, nee Ford, one child, namely, Mary Franklin Cupples. There was no issue from his second marriage with Elmire Franklin, nee Clearmon. From his marriage with his third wife, Pollyanna Franklin, nee Ratcliff, there were born five children. One of the children of this last marriage is now deceased, leaving as her sole heirs five children.

Prior to her marriage with D. C. Franklin, Pollyanna Ratcliff Franklin had previously married John Turner, who had died previous to her second marriage. From this marriage one child was born, namely, Glenn Turner. He is now dead and leaves six children as his sole and only heirs.

The plaintiffs in this suit are the children and grandchildren of D. C. Franklin and the children and grandchildren of Pollyanna Ratcliff Franklin, issuing from their various marriages.

It is alleged in the plaintiffs' petition that the heirs of D. C. Franklin are the owners of the N.W.½ of the S.W.¼ of Section 29, T 10, NR 3 E situated in La-Salle Parish. It is also alleged that the heirs of Pollyanna Ratcliff Franklin, who are also plaintiffs herein, are the owners of an undivided one-half interest in and to the S.½ of the N.E.¼ of Section 30, T 10, NR 3 E lying in LaSalle Parish.

Since one group of the plaintiffs is claiming ownership of one tract of land as heirs of D. C. Franklin, and the other plaintiffs are claiming the ownership of an undivided one-half interest in another or different tract of land, it will be necessary to consider the allegations touching each tract separately.

It is alleged in the plaintiffs' petition that the heirs of D. C. Franklin are the owners of the N.W.½ of the S.W.¼ of Section 29, T 10, NR 3 E as the heirs of D. C. Franklin, deceased; that D. C. Franklin acquired on August 8, 1882 a certain lot or tract of land in Section 29, T 10, NR 3 E, containing 40 acres of land, from Josephine and James Cupples, being part of the estate of Frank Cain, said D. C. Franklin being an heir to the estate with Josephine and James Cupples; that on August 11, 1927, a purported deed was filed in the conveyance records of LaSalle Parish wherein H. D. Francis sold and

transferred to the defendant herein the tract of land in dispute; and that H. D. Francis had never purchased this property from the plaintiffs. The plaintiffs attached a copy of the deed from Josephine and James Cupples to D. C. Franklin and made it a part of their petition. The pertinent part of the deed reads as follows:

"That I, Josephin Cupples ne Cain and James I. Cupples do by this bargain, sell, convey and deliver all of our right title and interest in and to a certain lot or tract of land as heirs of Frank Cain, being and lying in,

"Sec. 29 Township Ten N R 3 East

"North of Red River Land District,

"said interest being One Half of said Eighty (80) acres of land unto D. C. Franklin his heirs and assigns.

"To Have And To Hold in full property right, and title against all claims of either of us our heirs forever.

"The consideration of the above sale and transfer is made for and in consideration of the sum of Fifty ($50.00) Dollars paid in hand the receipt hereof is hereby acknowledged.

"This Done And Signed In presence of * * * and * * * witnesses of lawful age on this 10th July A D 1882."

■■ The plaintiffs in this suit have to rely on the strength of their own title. If they cannot establish ownership thereby, the possessor must be discharged from the demand. In order for the plaintiffs to be decreed owners of this particular piece of property, the deed on which they rely,

from Josephine and James Cupples to D. C. Franklin, must describe the property sufficiently for it to be located. The deed relied on does not describe any property that can be located and identified.

■ "In order that a plaintiff in a petitory action may 'make out his title,' it is necessary that he must allege a state of facts showing that he has a title." Glenn v. West, 151 La. 522, 92 So. 43, 44.

■ "A deed which fails to describe by legal subdivisions the real estate intended to be sold and makes no reference to any deed, map, plat, patent, survey, or boundary by which the description may be ascertained is void as to third parties for want of description of the thing sold. It is not translative of any specific property and could not form the basis of prescription. * * *

"As was said by the Court of Appeal of the Second Circuit in Hargrove v. Hodge, 9 La.App. 434, 121 So. 224, 225:

■ " 'The description in a deed must be such that the property intended to be conveyed can be located and identified, and the general rule is that the description must fully appear within the four corners of the instrument itself, or that the deed should refer to some map, plat, or deed as a part of the description, so that the same may be clear.' " Baldwin v. Arkansas-Louisiana Pipe Line Co., 185 La. 1051, 171 So. 442, 446.

■ "It is the settled jurisprudence of this state that a deed, in order to be translative of title to real estate, must contain

such a description as to properly identify the property. * * *

"It is a settled rule of law in this state that if a portion of the description of property in a deed is either erroneous or misleading, it is nevertheless susceptible of conveyance if the property intended to be conveyed by the parties can be ascertained with certainty by the aid of such extrinsic evidence as is admissible under the rules of evidence." Snelling v. Adair, 196 La. 624, 199 So. 782, 787.

The allegations in the petition with respect to the other piece of property, the S. ½ of the N.E.¼ of Section 30, T 10, NR 3 E, in which the heirs of Pollyanna Franklin are claiming an undivided one-half interest are in effect, that D. C. Franklin, during the existence of the community between him and his wife, Pollyanna Franklin, made a formal entry on this property, which was at that time public land belonging to the United States, with intent to secure a homestead thereon as shown by Patent No. 6928, Homestead Certificate No. 952, N. S. D., dated October 24, 1882; that Pollyanna Franklin and D. C. Franklin lived on the property as a homestead until June 28, 1892, at which time Pollyanna Franklin died; that thereafter on March 21, 1900, D. C. Franklin received in his name the final homestead papers on the property, the deed and patent being recorded on May 9, 1900, and that on the death of Pollyanna Franklin, who died intestate, they became the owners of an undivided one-half interest in the property, which they have never parted with nor sold. It is also alleged in the petition that

D. C. Franklin sold this property to A. J. Franklin on November 26, 1900, and that A. J. Franklin and his heirs sold it to J. E. Harris, the present defendant.

The sole question at issue with respect to this second tract of land is whether it is the property of the community of D. C. Franklin and Pollyanna Franklin or the separate property of D. C. Franklin. The heirs of Pollyanna Franklin, the plaintiffs herein, contend that the tract of land was community property, and that they own an undivided one-half interest in it which was not affected by the disposition of this property by D. C. Franklin to A. J. Franklin. The plaintiffs base their contention on the holding in the case of Crochet v. McCamant, 116 La. 1, 40 So. 474, 114 Am.St.Rep. 538, to the effect that a homestead becomes the joint property of the husband and wife, if the community of acquets and gains exists between them at the time of the entry, even though the proofs were made and the certificate and patent issue after the dissolution of the community by the death of the wife. The case relied on has been expressly overruled in the case of Ford v. Edenborn, 142 La. 927, 77 So. 851, wherein it was held that such lands continue to be property of the United States until final proof is made and the final certificate issues, and neither the entryman nor his heirs acquires any vested right therein until the final patent or deed is issued. This same doctrine was reaffirmed in the case of Brewer v. Hill, 178 La. 533, 152 So. 75.

Under the doctrines in these cases, the title to the land does not pass until the

final deed or patent has been issued. At the time the final deed or patent was issued to D. C. Franklin the community had ceased to exist by reason of the previous death of Pollyanna Franklin. Therefore, the land was the separate property of D. C. Franklin and formed no part of the estate of Pollyanna Franklin.

For the reasons assigned, the judgment is affirmed at appellants' cost.

ROGERS, J., absent.