GLADNEY, Judge. ■
This action is to establish title to real estate where none of the claimants is in actual possession and is brought under, and by virtue of the provisions of LSA-R.S. 13:5062 (formerly Acts of 1908, No. 38). Involved in the litigation are 122.53 acres of land in Natchitoches Parish, title claims to which are asserted by: first, Dan S. Henry, Arthur C. Watson and Richar.d B. Williams, who acquired an undivided one-half interest from Mary Richard Webb, and, second, Russell E. Gahagan, Andrew W. Radiscish, Jr., and H. E. Townsend, who trace their claims to the whole tract from Lucy Dupree Dewhart and Peyton Dewhart. Following a judgment adjudicating the respective title interests of all the claimants, Gahagan, Rádiscish and Townsend have appealed. • •
Appellees filed herein a motion to dismiss the appeal on the ground the record contained no transcription of testimony, following which motion appellants moved for and were granted a definite time to supplement the record. LSA-R.S. 13:4433. The record has been thus completed by means of a certificate of the trial judge as to material • facts adduced upon trial, it having been certified also that the transcript of testimony is not available. The evidence so supplied is relevant to consideration of the special pleas of prescription of ten years acquirendi causa under LSA-C.C. art. 3478. These facts disclose only that Lucy Dupree Dewhart shortly after the death of Peyton Dewhart in 1930 tore down the house, moved away and abandoned the property; further that during 1936, while living off of the subject land she secured a judgment recognizing her as the sole heir to Peyton Dewhart. The meager evidence totally fails to meet the requirements of establishing title through the operation of LSA-C.C. arts. 3478, 3479, et seq. Furthermore, when the land became community property in 1909 by reason of completion of final proof of homestead entry, Mary Richard Dewhart, as a partner in the community, became the owner of a one-half interest therein. Subsequent to the dissolution of the community, therefore, the actions of Mary Richard Dewhart alone could divest the title to this property interest. The pleas of prescription so asserted are therefore without merit.
Documentary evidence in the record shows that pursuant to the Act of Congress of May 20, 1862, 12 Stat. 392, “to secure Homesteads to Actual Settlers on the Public Domain” (see 43 U.S.C.A. § 161), Peyton Dewhart obtained a patent from the United States to the land involved in this suit. It is conceded by all parties Dewhart filed his entry on September 1, 1903, and established and consummated his final proof in conformity to law on January 15, 1909. A final certificate was issued on January 15, 1907, but the patent was not issued until Septembei: 7, 1917. Prior to the issuance of the -patent Peyton Dewhart, who married Mary Richard on July 3, 1903, secured a divorce on May 17, 1913. On June 1, 1913, Dewhart married Lucy Dupree who survived his death which occurred some time during 1930. Mary Richard later married Frank Webb. Two separate intestate succession proceedings appearing in the record resulted in two judgments, the first recognizing Lucy Dupree as the owner of all of Dewhart.’s succession property, and the second placed certain collaterals in possession of and decreed their ownership of said property. From two of the collaterals so named, appellants have received quitclaims.
The principal issue which confronted the trial court was whether vel non the homestead land fell into the community of acquets and gains existing between Peyton Dewhart and Mary Richard when final proof was consummated and a final certificate was issued on January 15, 1909. In the District Court it was argued title from the United States to Peyton Dewhart did not pass until the issuance of the patent which took place on September 7, 1917, at which time Dewhart was married to Lucy Dupree.
It is well settled in our jurisprudence that where final proof of entry is *637 made during the lifetime of both husband and wife, the final proof of entry immediately vests equitable title to the land in the entryman and the property thereby falls in the community of acquets and gains existing between the entryman and his spouse. See: McCune v. Essig, 1905, 199 U.S. 382, 26 S.Ct. 78, 50 L.Ed. 237; Ford v. Edenborn, 1918, 142 La. 927, 77 So. 851; Gibson v. Pickens, 1937, 187 La. 860, 175 So. 600; Smith v. Anacoco Lumber Co., 1925, 157 La. 466, 102 So. 574; Brewer v. Hill, 1933-1934, 178 La. 533, 152 So. 75, certiorari denied 292 U.S. 626, 54 S.Ct. 631, 78 L.Ed. 1481; Cupples v. Harris, 1942, 202 La. 336, 11 So.2d 609. Thus, in Brewer v. Hill, supra [178 La. 533, 152 So. 76], the court explained the effect of the law as follows:
“Of course, the case is different where the original entryman himself completes the final proof and receives the final certificate. In such case there is, on .the part of the United States, no stripping of equities from one party and transferring of them gratuitously to another, as there is when the widow of a deceased entryman is gratuitously preferred over his natural heirs.
“In such case the entryman is a mere purchaser from the United States to whom had been granted mere preference in the right to purchase by reason of his priority of entry on the land. And accordingly the status of the land acquired becomes community property or separate property accordingly as the final certificate issued during the marriage or after dissolution thereof, regardless of when the entry thereon might originally have been made. Doucet v. Fontenot, 165 La. 458, 115 So. 655; Industrial Lumber Co. v. Farque, 162 La. 793, 111 So. 166; Smith v. Anacoco Lumber Co., 157 La. 466, 102 So. 574.”
The final certificate vests the entry-, man with an equitable title to the land, and shows, prima facie, that he is entitled to a patent conveying to him the legal title. The legal title remains in the government. See: United States v. Kennedy, 5 Cir., 1913, 206 F. 47, 124 C.C.A. 181; Moses v. Long-Bell Lumber Co., 5 Cir., 1913, 206 F. 51, 124 C.C.A. 185, appeal dismissed, 1913, 239 U.S. 625, 36 S.Ct. 162, 60 L.Ed. 473; Kromer v. Friday, 1895, 10 Wash, 621, 39 P. 229, 32 L.R.A. 671. But, after final proof and payment, the government holds the legal title in trust for the entryman. United States v. Steenerson, 8 Cir., 1892, 50 F. 504, 1 C.C.A. 552; Union Mill & Mining Co. v. Dangberg, C.C.Nev.1873, Fed.Cas.No.14,370; United States v. Freyberg, C.C.Wis.1886, 32 F. 195; Morse v. Pickler, 1912, 28 S.D. 612, 134 N.W. 809, and cases cited.
In brief filed on the appeal, appellants contend plaintiff’s action was improperly brought under LSA-R.S. 13:5062, asserting that Lucy Dupree Dewhart was in actual possession of said property. This argument is not established by evidence, but on the contrary, the record clearly indicates that none of the parties to this litigation was in possession of the property claimed and, therefore, the requirements of LSA-R.S. 13:5062 have been met.
It is our considered opinion the judgment from which appealed should be affirmed. It is, therefore, ordered, adjudged and decreed there be judgment in favor of Dan S. Henry, plaintiff, and against the defendants herein, Russell. E. Gahagan, Andrew W. Radiscish, Jr., H. E. Townsend; Arthur C. Watson and Richard B. Williams, decreeing that the said Dan S. Henry is the owner of an undivided one-third (%) interest in the following described lands, to wit:
“A certain tract of land in Natchitoches Parish, Louisiana, containing 122.53 acres more or less, being the Southeast Quarter of the Southeast Quarter, and the South Half of the Southwest Quarter of Section 14, Township 8 North, Range 9 West.”
It is further ordered, adjudged and decreed that the remaining two-thirds interest, right and title in the above described *638 lands be decreed to be owned in the following proportions:
Arthur C. Watson one-twelfth
Richard B. Williams one-twelfth
Russell E. Gahagan one-sixth
Andrew W. Radiscish one-sixth
H. E. Townsend one-sixth
It is further ordered that appellants pay-all costs of this suit, including cost of the appeal.