## ALLEN v. BEARD et al.

### No. 5973.

Court of Civil Appeals of Texas. Texarkana.

Oct. 22, 1942.

Jack Flock, of Tyler and Frank C. Bolton, Jr., of Longview, for appellant.

914

H. P. Smead, of Longview, and Tom F. Head, of Kilgore, for appellees.

JOHNSON, Chief Justice.

This suit was filed by Robert Allen as guardian of the estate of the four minor children of Comella Hilburn, the deceased wife of Carlisle Hilburn, Jr., against P. O. Beard and others, to recover title and possession of ⅘ of ⅟₁₆ mineral interest in 2.67 acres of land situated in Gregg County. Trial to the court without a jury resulted in judgment for defendants. Plaintiff appealed. The transcript contained the trial court's findings of fact and conclusions of law, filed at the request of appellant. The record contains no statement of facts.

The trial court found, in substance, that on July 22, 1933, Carlisle Hilburn, Jr., and wife, Comella Hilburn, owned the land in question; that on said date they conveyed all their interest in the minerals to C. G. Glasscock; that after execution of said conveyance an agreement was entered into between Glasscock and Carlisle and Comella Hilburn whereby Glasscock upon consideration moving from said Hilburns agreed to reconvey to them ½ the minerals under said land, subject to a lease; that subsequent to said agreement and before the conveyance was executed by Glasscock, Comella Hilburn died intestate, whereupon Glasscock on November 12, 1934, pursuant to said agreement, executed the following conveyance:

"State of Texas:
"County of Gregg

"Whereas, on July 22, 1933, Carlisle Hilburn Jr and wife Comella Hilburn, sold, assigned and delivered unto C. G. Glasscock all of their interest in and to the oil, gas and other minerals, in and under or that may be produced from the following described land, situated in Gregg County, Texas, to-wit: (Here follows description of land).

"Whereas, it was subsequently agreed that the said C. G. Glasscock would reconvey unto the said grantors an undivided one-half of the interest that had been conveyed by said mineral deed; and,

"Whereas, since the execution of said deed the said Comella has died, leaving heirs.

"Now, Therefore, Know All Men By These Presents: That I, C. G. Glasscock, in pursuance to said agreement have this day and do by these presents hereby transfer, assign and reconvey unto the said Carlisle Hilburn Jr and unto the legal heirs and representatives of Comella Hilburn, deceased, an undivided one-half part of all of the mineral interest conveyed to the said C. G. Glasscock by and through the mineral deed above mentioned.

"To Have and to Hold unto the said Carlisle Hilburn Jr and unto the legal heirs and representatives of Comella Hilburn, deceased, their heirs and assigns forever.

"It is expressly agreed that the extent and effect of this conveyance is to reconvey unto the said Carlisle Hilburn Jr and to the legal heirs and representatives of Comella Hilburn an undivided one-half only of the interest conveyed to C. G. Glasscock by and through the deed above mentioned, and that this conveyance shall in no wise affect any other interest owned by the said C. G. Glasscock in and to said property herein described which was acquired through other deeds, leases or other sources of title."

That on July 6, 1935, Carlisle Hilburn, Jr., duly qualified as community administrator of the community property of himself and his deceased wife, Comella Hilburn, and the mineral interest in question was inventoried as part of said community estate; that Carlisle Hilburn, Jr., as such community administrator, sold and conveyed said property to appellees for the purpose of paying existing community debts.

That the above-quoted deed executed by Glasscock November 12, 1934, together with the agreement entered into between Glasscock and Carlisle and Comella Hilburn during Comella's lifetime, upon consideration moving from said Carlisle and Comella Hilburn, pursuant to which the deed was executed, "made such interest so conveyed a part of the community estate of Carlisle Hilburn, Jr., and his deceased wife, Comella Hilburn"; that the intention of said deed "was and is not to convey to said minors in their own right, irrespective of their ancestors, whom they represent, but in their right in their respective characters as heirs of their deceased mother, Comella Hilburn."

Point 1 in appellant's brief raises the contention that the trial court erred in concluding that the mineral interest conveyed by said deed from Glasscock on November 12, 1934, constituted community

estate of Carlisle Hilburn, Jr., and his deceased wife, Comella Hilburn: (a) Because said deed was executed after the death of Comella Hilburn; (b) because said deed is not susceptible to the construction that the agreement upon which it is shown to have been executed was entered into with Carlisle Hilburn, Jr., and Comella Hilburn; and (c) because it is not shown that said agreement was valid and enforceable, in that the deed on its face, reciting the agreement, fails to show that said agreement was supported by sufficient consideration, or that the agreement was in writing. These contentions are overruled.

█ The record contains no statement of facts, and it is not otherwise shown that said agreement was not in fact based upon sufficient consideration or that it was not in writing. Appellant, plaintiff in trespass to try title, claims under the deed containing the recital showing that its execution was pursuant to the agreement, the validity of which he now attacks. The trial court found that "the consideration for such conveyance moved from Carlisle Hilburn, Jr., and his deceased wife, Comella Hilburn." In this state of the record we would not be authorized to presume, as a matter of law, that the agreement was without consideration. 3 T. J. p. 1062, Sec. 749.

█ The question as to whether or not the agreement was in writing became immaterial after Glasscock had in recognition of the agreement executed the deed passing title pursuant thereto. Bishop v. Williams, Tex.Civ.App., 223 S.W. 512, point 15 on pp. 225, 226, w/r.

█ The trial court correctly construed the deed from Glasscock as showing that it was executed pursuant to an agreement entered into with Carlisle Hilburn, Jr., and Comella Hilburn. The deed on its face shows that it was executed pursuant to an agreement entered into with the grantors in a deed dated July 22, 1933, in which Carlisle and Comella Hilburn were the only grantors named and Glasscock was the grantee.

██ The fact that the deed of November 12, 1934, passing the title out of Glasscock was not executed until after the death of Comella Hilburn does not, as a matter of law, prevent the land from being a part of the community estate of said Carlisle and Comella Hilburn. It is clearly shown that the title which passed by said deed had its inception in the agreement entered into with Carlisle and Comella Hilburn prior to the dissolution of their marriage by reason of her death, therefore, in the absence of facts to the contrary, no error is shown in the trial court's holding that the property constituted a part of their community estate. Welder v. Lambert, 91 Tex. 510, 44 S.W. 281; Stiles v. Hawkins, Tex.Com.App., 207 S.W. 89; Bishop v. Williams, supra; Creamer v. Briscoe, 101 Tex. 490, 109 S.W. 911, 17 L.R.A.,N.S., 154, 130 Am.St.Rep. 869. That the deed from Glasscock named "Carlisle Hilburn, Jr., and the legal heirs and representatives of Comella Hilburn, deceased," as grantees, did not prevent the property from being community property of Carlisle and Comella Hilburn, deceased, and subject to community administration. Soye v. McCallister, 18 Tex. 80, 67 Am.Dec. 689.

The judgment of the trial court is affirmed.