Opinion issued July 3, 2003










 


In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00918-CV




TASNEEM KHAN, Appellant

V.

ALI YAZDCHI, Appellee




On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2000-65242




MEMORANDUM OPINION
           Appellant, Tasneem Khan, appeals the summary judgment rendered in favor of
appellee, Ali Yazdchi, in Khan’s suit for trespass to try title to a condominium unit allegedly
conveyed by Yazdchi to Khan. We reverse and remand. 

BACKGROUND
           In her second amended petition, Khan alleged the following facts: In June 1997,
Yazdchi and Khan entered into an oral agreement in which Yazdchi was to convey
condominium unit 662 to Khan upon receipt of $32,000 paid by Khan. Yazdchi could
continue to reside in unit 662 for a reasonable period of time for a monthly rent of $350. 
Khan paid the $32,000 in two payments, one in June and the second in September or October
1997. In February 1997, Yazdchi, using the alias, “Ali Yazdi,” had conveyed unit 662 to
“Mike Jones,” another of Yazdchi’s aliases, and, on October 15, 1997, as “Mike Jones,”
conveyed unit 662 to Khan. Yazdchi continued to live in unit 662, but never paid rent. 
           The petition further alleged that Yazdchi fraudulently represented to Khan that he had
performed his part of the agreement by delivering a “Substitute Trustee’s Deed” to Khan,
with the instruction that Khan’s husband, Mohammed, sign as substitute trustee, thereby
conveying legal title to unit 662 to Khan. In the alternative, Khan pleaded that Yazdchi’s
actions gave rise to a constructive trust in which Yazdchi held the legal title to unit 662 in
trust for Khan, who held equitable title. Khan’s petition asserted that Yazdchi was barred
from denying execution and delivery of the deeds and was barred from pleading the statute
of frauds by, among other defenses, quasi, promissory, and equitable estoppel. 
           Yazdchi moved for summary judgment on the grounds that (1) Khan’s suit for trespass
to try title was barred by the statute of frauds because it was based on an unenforceable oral
agreement for the sale of real estate; (2) Khan’s claims for fraud, estoppel, and constructive
trust failed because they were based on the same facts as the claim to title; and (3) there was
no evidence that (a) Yazdchi agreed to sign an agreement that would satisfy the statute of
frauds, (b) Khan relied on a promise to her detriment, (c) the substitute trustee’s deed was
through a regular chain of title, (d) unit 662 was the subject of a valid foreclosure by
Mohammed Khan, (e) Mohammed Khan was validly appointed as substitute trustee, (f)
Yazdchi executed or authorized the execution of the deed from Yazdi to Jones or the deed
from Jones to Khan, and (g) Yazdchi or Jones delivered or authorized the delivery of the
deeds to Khan. 
           The trial court granted Yazdchi’s motion without specifying the ground or grounds
upon which it was granted. In two issues on appeal, Khan contends that (1) she presented
more than a scintilla of evidence to overcome Yazdchi’s motion for summary judgment and
(2) the trial court erred in denying Khan’s motion for new trial. 
DISCUSSION
Standard of Review
           Summary judgment under rule 166a(c) is proper only when the movant establishes that
there is no genuine issue of material fact and that the movant is entitled to judgment as a
matter of law. Tex. R. Civ. P. 166a(c); Randall’s Food Mkts., Inc. v. Johnson, 891 S.W.2d
640, 644 (Tex. 1995); Lawson v. B Four Corp., 888 S.W.2d 31, 34 (Tex. App.—Houston [1st
Dist.] 1994, writ denied). As movant, the defendant is entitled to summary judgment if the
evidence disproves as a matter of law at least one element of each of the plaintiff’s causes
of action. Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991); Marchal v. Webb,
859 S.W.2d 408, 412 (Tex. App.—Houston [1st Dist.] 1993, writ denied). A defendant
moving for summary judgment on an affirmative defense must establish that defense as a
matter of law. Long Distance Int’l, Inc. v. Telefonos de Mexico, 49 S.W.3d 347, 350-51
(Tex. 2001). 
           Under rule 166a(i), a party is entitled to summary judgment if, after adequate time
for discovery, there is no evidence of one or more essential elements of a claim or defense
on which an adverse party would have the burden of proof at trial. Tex. R. Civ. P. 166a(i). 
Thus, a no-evidence summary judgment is similar to a directed verdict. Flameout Design &
Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex. App.—Houston [1st
Dist.] 1999, no pet.). The motion for summary judgment may not be general, but must state
the elements on which there is no evidence. Tex. R. Civ. P. 166a(i). The trial court must
grant the motion unless the nonmovant produces more than a scintilla of evidence raising a
genuine issue of material fact on each of the challenged elements. See id.; Macias v. Fiesta
Mart, Inc., 988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.] 1999, no pet.). The party
with the burden of proof at trial has the same burden of proof in the summary judgment
proceeding. Galveston Newspapers, Inc. v. Norris, 981 S.W.2d 797, 799-800 (Tex.
App.—Houston [1st Dist.] 1998, pet. denied). 
           In reviewing a summary judgment, we must indulge every reasonable inference in
favor of the nonmovant and resolve any doubts in its favor. Flameout Design, 994 S.W.2d
at 834. We will take all evidence favorable to the nonmovant as true. Lawson, 888 S.W.2d
at 34. We will affirm the summary judgment if any of the theories advanced in the motion
for summary judgment and preserved on appeal are meritorious. See State Farm Fire & Cas.
Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993). 
Trespass-to-Try-Title Cause of Action
           A trespass-to-try-title action is a procedure by which claims to title or the right of
possession may be adjudicated. Rogers v. Ricane Enters., Inc., 884 S.W.2d 763, 768 (Tex.
1994). The plaintiff has the burden to establish superior title by showing it has (1) title
emanating from the sovereignty of the soil, (2) a superior title in itself emanating from a
common source, (3) title by adverse possession, or (4) title by earlier possession coupled with
proof that possession has not been abandoned. Id. 
           In this case, Khan sought to establish that she had superior title by way of a deed
signed and delivered to her by Yazdchi. Thus, title claimed by Khan and Yazdchi emanate
from a common source—Yazdchi’s grantor. 
Khan’s Summary Judgment Evidence
           In her first issue, Khan contends that she presented sufficient summary judgment
evidence to defeat Yazdchi’s motion for summary judgment. 
           Yazdchi’s no-evidence motion for summary judgment challenged the single element
of Khan’s cause of action—superior title—by asserting that there was no evidence that
Yazdchi executed the deeds and no evidence that Yazdchi delivered the deeds to Khan.


 
Yazdchi did not deny that he used the names “Ali Yazdi” and “Mike Jones” as aliases. 
           In her response to the motion for summary judgment, Khan attached the following
evidence: 
           1.        Khan’s affidavit, in which she averred that she had had an oral agreement with
Yazdchi to buy unit 662 for $32,000 and had paid him, through her husband
Mohammed, two payments of $16,000 each, one in June and one in September
1997. She stated that Yazdchi had agreed to pay her $350 per month rent after
she paid the $32,000 until he moved out of the unit. She further stated that
Yazdchi had called her and said he was going to fax the executed deed to her
home. After the deed was faxed to Khan, Yazdchi called and asked if she had
received it and said he was going to record it at the courthouse. In the deed
that he faxed to her, Mike Jones, as grantor, conveyed title to unit 662 to
Tasneem Khan. 
 
Attached to the affidavit were a copy of a general warranty deed by which Ali
Yazdi conveyed unit 662 to Mike Jones, and a copy of the general warranty
deed by which Mike Jones conveyed unit 662 to T. Khan. 
 
           2.        Mohammed Khan’s affidavit, in which he averred that, in accordance with an
oral agreement and on behalf of his wife, he had paid $16,000 to Yazdchi in
June 1997 and $16,000 to Yazdchi on or about October 1, 1997 for the
purchase of unit 662. Mohammed stated that, after the final payment, Yazdchi
told him that he had already signed a deed conveying the unit from Mike Jones
to Khan and would record the deed in the Harris County Clerk’s record and
then send the deed to Mohammed. Mohammed stated that Yazdchi faxed a
copy of the executed deed to the Khans’ home that same day and that, in the
deed, the grantor was Mike Jones and the grantee was T. Khan. Mohammed
further stated that the attached certified copy of an agreed judgment, signed by
Yazdchi on his own behalf, showed that Ali Yazdi and Mike Jones were two
of the many aliases used by Yazdchi. 
 
Attached to the affidavit were a copy of the general warranty deed conveying
unit 662 from Mike Jones to T. Khan and a copy of an agreed final judgment
in No. 1999-57020, State of Texas v. Ali Yazdchi, in the 61st District Court of
Harris County, showing in the style of the case that Yazdchi was also known
by 23 individual names and five commercial names. 
 
           3.        The affidavit of James R. Cornelius, an attorney who had represented Yazdchi
in a suit against the condominium homeowners association for wrongful
foreclosure. Cornelius averred that he was acquainted with Ali Yazdi and
knew that he used several aliases, including Yazdchi and Mike Jones. 
Cornelius stated that Yazdchi had brought Mohammed Khan to Cornelius’s
office on several occasions and, in Mohammed’s presence, informed Cornelius
that Mohammed had purchased unit 662, which would be deeded to
Mohammed’s wife. Cornelius stated that Yazdchi instructed him to continue
the litigation so that he (Yazdchi) could give clear title to Khan and would not
have to return the money. Cornelius further stated that the lawsuit was settled
and record title to the condominium was returned to the state in which it had
been held prior to the foreclosure. Cornelius stated that the three attached
exhibits were true and correct copies of deeds that Yazdchi had provided
Cornelius and that were used in the lawsuit against the homeowners
association. 
 
Attached to the affidavit were copies of a general warranty deed in which
Francine Young conveyed unit 662 to A. Yazdi, the deed conveying the unit
from A. Yazdi to Mike Jones, and the deed conveying the unit from Mike
Jones to T. Khan.

           These three affidavits are some evidence that (1) Yazdchi orally agreed to sell unit
662 to Khan for $32,000; (2) Khan paid $32,000 to Yazdchi; (3) Yazdchi, using the alias
“Mike Jones,” executed a deed to unit 662, conveying the unit to Khan; and (4) Yazdchi
delivered the deed to Khan by fax. These affidavits are also some evidence that the chain of
title to unit 662 ran from Young through Yazdchi (as Yazdi, then Jones) to Khan. Therefore,
Khan produced some evidence that she had superior title to unit 662. The trial court thus
erred if it rendered summary judgment on the ground that there was no evidence that Yazdchi
executed the deeds and no evidence that Yazdchi delivered the deeds to Khan. 
Statute-of-Frauds Defense
           In his motion for summary judgment, Yazdchi also asserted, as an affirmative defense,
that Khan’s claims were barred by the statute of frauds because she was seeking to enforce
an oral agreement for the sale of real estate. Khan contends that the statute of frauds is
inapplicable because of the written deeds. 
           Khan’s claim that she had legal title was based on the deed, executed by Mike Jones,
that conveyed unit 662 to her. The fact that the original agreement to sell unit 662 was oral
became immaterial after Yazdchi conveyed the property to Khan by signed deed. See Bishop
v. Williams, 223 S.W. 512, 525-26 (Tex. Civ. App.—Austin 1920, writ ref’d) (noting that
conveyance by deed rendered fact of oral agreement to convey immaterial); Allen v. Beard,
165 S.W.2d 913, 915 (Tex. Civ. App.—Texarkana 1942, no writ) (holding that question of
whether agreement to convey was in writing became immaterial after executed deed passed
title). Therefore, the statute of frauds does not apply to Khan’s claim to legal title to unit
662. The trial court thus erred if it rendered summary judgment on the ground of Yazdchi’s
statute-of-frauds defense.
The Deeds Conveying Unit 662
           On appeal, Yazdchi argues for the first time that the deeds relied on by Khan were
forgeries. In his motion, Yazdchi did not assert, as a ground for summary judgment, that the
deeds were forgeries. Therefore, we cannot consider this argument on appeal. See Tex. R.
Civ. P. 166a(c); McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (holding that
motion for summary judgment must expressly present grounds upon which it is made). 

CONCLUSION
           We sustain Khan’s first issue. Because the first issue is dispositive of this appeal, we
need not reach Khan’s second issue. We reverse the judgment of the trial court and remand
the cause for proceedings consistent with this opinion. 
 

                                                                  Sam Nuchia
                                                                  Justice

Panel consists of Justices Hedges, Nuchia, and Keyes.